(737 P.2d 69)

No. 60,106

STATE OF KANSAS, *Appellee*, v. RAMON DANTZLER, *Appellant*.

Opinion filed May 21, 1987.

*John J. McNally*, of Kansas City, for appellant.

*D. Paul Theroff*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., MONTIE R. DEER, District Judge, assigned, and MELVIN M. GRADERT, District Judge, assigned.

DEER, J.: This is a direct appeal by the defendant, Ramon Dantzler, from the denial of his application for probation following a plea of guilty to one count of conspiracy to possess cocaine, a class E felony. K.S.A. 21-3302; K.S.A. 65-4127a.

Dantzler was sentenced to one to two years of incarceration; probation was denied. Pursuant to K.S.A. 1986 Supp. 21-4606a, which provides for a presumption of probation for a first time felony offender convicted of a class E felony, Dantzler filed a motion for reconsideration. The motion was denied. In overcoming the presumption of probation, the district court noted the extent of the harm caused by Dantzler's criminal conduct and that he intended that his criminal conduct would cause or threaten serious harm. K.S.A. 21-4606(2)(b) and (c).

Dantzler's appellate brief was filed on January 14, 1987. On January 16, 1987, the Kansas Supreme Court affirmed its holding in *State v. Haines*, 238 Kan. 478, Syl. ¶ 2, 712 P.2d 1211, *cert. denied* 479 U.S. 837, 93 L. Ed. 2d 79 (1986), that " '[u]nder K.S.A. [1986 Supp.] 22-3602(a) there is no direct appeal of a denial of probation after a plea of guilty or nolo contendere.' " *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 865 (1987).

In *Haines*, the court said:

"By pleading guilty to the charges against him, appellant Haines falls squarely within [K.S.A. 1986 Supp. 22-3602(a)] and has no right of direct appeal of a denial of probation; appellant's only remedy to challenge his sentence is through a K.S.A. 60-1507 motion. It is a cardinal rule of statutory construction that a clear, unambiguous, constitutional statute is not subject to judicial construction. K.S.A. 22-3602(a) meets that test.

"Appellate review of trial court proceedings is not a fundamental right and must have its genesis in either constitution or statute. The constitution has no provision creating appellate jurisdiction and the foregoing statute clearly denies a direct appeal. Thus, we do not have jurisdiction of this appeal. Any statements in *State v. Yost*, 232 Kan 370, 654 P.2d 458 (1982), or *State v. Green*, 233 Kan. 1007, 666 P.2d 716 (1983), inconsistent with this opinion are overruled." 238 Kan. at 479.

Dantzler appeals only the denial of probation. The appeal is dismissed.