No. 62,405

STATE OF KANSAS, *Appellee*, v. JACSON R. VANREED, *Appellant*.

(777 P.2d 794)

Opinion filed July 14, 1989.

*James F. Vano*, of Overland Park, argued the cause and was on the brief for appellant.

*Roger A. Nordeen*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Jacson R. VanReed appeals from a decision of the district court denying his motion for probation under K.S.A.

21-4606a, which provides for a presumptive sentence of probation or assignment to a community corrections program for certain class E felons who have never before been convicted of a felony. The Court of Appeals dismissed the case without opinion, apparently on the authority of *State v. Dantzler*, 12 Kan. App. 2d 181, 737 P.2d 69 (1987). *Dantzler* held that there is no right of direct appeal from a denial of probation after a plea of guilty or nolo contendere, even for first-time class E felony offenders, notwithstanding the provisions of K.S.A. 21-4606a. We granted appellant's petition for review.

The facts are not in dispute. Over a period of eight years, Jacson R. VanReed performed various odd jobs for Walter and Marilyn Thomas at their home in Leawood, Kansas. On July 16, 1987, Marilyn Thomas discovered that several valuable jewelry items were missing. VanReed had been cleaning the residence on July 15 and 16, 1987. Although he initially denied any knowledge of the theft, VanReed later contacted the Thomases and admitted taking the jewelry. He subsequently admitted to police that he had taken jewelry valued at more than $150 from the Thomas residence, without authority or consent.

VanReed initially entered a plea of not guilty to the charge of theft of property valued at $150 or more, K.S.A. 1987 Supp. 21-3701(a), classified at that time as an E felony. Following plea negotiations, he withdrew his not guilty plea, waived jury trial, and entered a plea of guilty as charged. The court adjudged VanReed guilty of felony theft, ordered a presentence investigation and report, and set sentencing for March 21, 1988, at 3:30 p.m.

VanReed failed to appear personally for sentencing, although his attorney was present. Sentencing was rescheduled for May 3, 1988. On that date VanReed appeared with new counsel, who explained that VanReed's failure to appear on the date originally set for sentencing was due to a miscommunication by VanReed's previous attorney.

VanReed requested probation and offered to make full restitution to the Thomases. The State, pursuant to plea negotiations, recommended the minimum statutory sentence of one to two years, and did not oppose probation on the condition that VanReed pay full restitution to the victims.

The sentencing court had before it the presentence investiga-

tion report, a copy of which is included in the record on appeal. The court sentenced VanReed to a minimum of one year and a maximum of two years, the minimum indeterminate sentence authorized for E felonies by K.S.A. 21-4501(e). The court denied probation, explaining its reasoning at length.

VanReed timely appealed. The Court of Appeals dismissed the case without opinion, apparently on the basis that it lacked jurisdiction to review a denial of probation following a guilty plea. The threshold issue is thus whether we have jurisdiction to consider the propriety of the district court's denial of probation.

This court has held that a decision whether or not to grant probation is exclusively a function of the trial court pursuant to K.S.A. 21-4603, and as a general rule a decision denying probation is not subject to appellate review. See *State v. Adams*, 218 Kan. 495, 505, 545 P.2d 1134 (1976); *State v. Owens & Carlisle*, 210 Kan. 628, 634-35, 504 P.2d 249 (1972); *State v. Benson*, 207 Kan. 453, 458, 485 P.2d 1266 (1971).

In *State v. Haines*, 238 Kan. 478, 712 P.2d 1211, *cert. denied* 479 U.S. 837 (1986), *rev'd on other grounds State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986), we specifically held that K.S.A. 22-3602(a) precludes a direct appeal of a denial of probation following a guilty or nolo contendere plea. In *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987), we explicitly reaffirmed *Haines* to the extent that it held that one who pleads guilty or nolo contendere may not appeal from a denial of probation.

Since VanReed challenges the trial court's failure to grant him probation following his guilty plea, *Haines* and *Hamilton* would ordinarily bar this appeal. He contends, however, that the general rule precluding direct appeal of a probation denial following a guilty or nolo contendere plea should not apply when the defendant is convicted of an E felony and has never been previously convicted of a felony. He argues that to hold otherwise would undermine the legislative intent expressed in K.S.A. 21-4606a, which reads:

"21-4606a. Presumptive sentence for certain class E felons. The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class E felony shall be probation or assignment to a community correctional services program on terms the court determines, unless the conviction is of a crime specified in article 34 [crimes against persons], 35 [sex offenses] or 36 [crimes affecting family relationships and children] of chapter 21 of Kansas Statutes Annotated. In determining whether to impose the

presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

K.S.A. 21-4606a was enacted in 1984 as a part of comprehensive legislation that changed the classification of various property crimes. The same enactment changed felony theft from a D felony to an E felony. See L. 1984, ch. 119, §§ 1, 2. This court interpreted and applied K.S.A. 21-4606a for the first time recently in *State v. Knabe*, 243 Kan. 538, 757 P.2d 308 (1988). *Knabe* was an appeal by the State on the reserved question of whether the trial court erred in *granting* probation to the defendant pursuant to K.S.A. 21-4606a. It therefore did not pose the jurisdictional issue presented in this case.

The Court of Appeals addressed the jurisdictional issue in the context of K.S.A. 21-4606a in *State v. Dantzler*, 12 Kan. App. 2d 181. In *Dantzler*, the defendant pleaded guilty to one count of conspiracy to possess cocaine, a class E felony. Like VanReed, he was sentenced to a term of one to two years, and his request for a presumptive sentence of probation pursuant to K.S.A. 21-4606a was denied. On appeal, he challenged only the denial of probation. The Court of Appeals dismissed the appeal notwithstanding K.S.A. 21-4606a under authority of *State v. Haines*, as reaffirmed in *State v. Hamilton*. In doing so, the Court of Appeals made no mention of its opinion in *State v. Linsin*, 10 Kan. App. 2d 681, 709 P.2d 988 (1985), which considered an appeal from a denial of probation under 21-4606a, or the case of *State v. Brewer*, 11 Kan. App. 2d 655, 665, 732 P.2d 780, *rev. denied* 241 Kan. 839 (1987), wherein the court stated, in dicta, that probation is not subject to appellate review "unless there is a statutory presumption of probation as set forth in K.S.A. 1986 Supp. 21-4606a."

VanReed contends that, if appellate courts will not entertain a direct appeal from a denial of probation pursuant to K.S.A. 21-4606a, a defendant has no other option but to bring a collateral attack under K.S.A. 60-1507 *while in custody*, thereby undermining the apparent intent of 21-4606a in favor of probation for certain first-time class E felons. Furthermore, he argues that if 60-1507 is the only remedy, the complaining defendant could obtain appellate review only after pursuing the additional procedural step of filing the 60-1507 motion in district court, before the very judge who had just denied probation.

In the enactment of K.S.A. 21-4606a, the legislature has adopted a policy that the "presumptive sentence" for certain class E felonies shall be probation or assignment to a community corrections program, absent any prior felony convictions. If this legislative policy is to have effect, decisions applying K.S.A. 21-4606a must be subject to appellate review. By the adoption of K.S.A. 21-4606a, the legislature has implicitly authorized a direct appeal of a decision by the sentencing court to deny the presumptive sentence. While we adhere to the general rule of *Haines* and *Hamilton* that there is no direct appeal from a denial of probation following a guilty or nolo contendere plea, we recognize a narrow exception to that rule for the purpose of reviewing a decision of the sentencing court denying a motion pursuant to K.S.A. 21-4606a for a presumptive sentence of probation. *State v. Dantzler*, 12 Kan. App. 2d 181, is hereby overruled.

Although the sentencing court's decision to deny a presumptive sentence of probation is subject to appellate review, the denial of probation is not reversible error absent an abuse of discretion. The only remaining issue before us is whether the sentencing court committed an abuse of discretion under the facts of this case in denying VanReed's motion for probation.

In *State v. Linsin*, 10 Kan. App. 2d 681, the defendant pleaded guilty to conspiracy to sell cocaine, a class E felony. Although he was a first-time offender, the court sentenced him to a term of one to two years, the minimum statutory term. The issue on appeal was whether the sentencing court abused its discretion in refusing to grant probation pursuant to K.S.A. 21-4606a. The Court of Appeals noted that the statute creates a presumption in favor of probation, but does not require the court to grant probation. The court held, however:

"[I]n order to overcome the statutory presumption of probation in K.S.A. 1984 Supp. 21-4606a, the sentencing court may not merely rely upon the nature of the crime committed, but must follow the sentencing objectives of K.S.A. 21-4601 and include in the record its consideration of additional sentencing factors as set forth in K.S.A. 21-4606." 10 Kan. App. 2d at 684.

The Court of Appeals vacated the sentence and remanded for resentencing because the sentencing court, in denying probation, had relied solely on the fact that the defendant had committed an offense involving illegal drugs.

We recently cited *Linsin* with approval in *State v. Knabe*, 243 Kan. 538. In that case we held:

"[T]he presumption in favor of probation under K.S.A. 1987 Supp. 21-4606a may be overcome by the considerations cited in K.S.A. 1987 Supp. 21-4601 and 21-4606. *State v. Linsin*, 10 Kan. App. 2d 681, 684, 709 P.2d 988 (1985). Thus, a trial court faced with a defendant convicted of 40 class E felonies would be able to rebut the presumption in favor of probation of K.S.A. 1987 Supp. 21-4606a, by a consideration, among other things, of '[t]he defendant's history of prior criminal activity,' and '[t]he extent of harm caused by the defendant's criminal conduct.' K.S.A. 21-4606(2)(a) and (b)." 243 Kan. at 540.

We concluded that, in situations to which the 21-4606a presumption applies, the court may nevertheless consider the extent of the defendant's criminal conduct in determining whether the presumption in favor of probation has been overcome.

In the case before us, Judge Gray gave the following reasons for denying VanReed's motion for probation:

"The Court in this connection notes, first of all, the defendant's failure to appear for sentencing. I don't know what his confusion was and that really is not the Court's problem. I am aware that on the 3rd day of February, 1988, the Court accepted the plea and announced to Mr. VanReed in this court as he stood right where he's standing now, the case was set at 3:30 p.m. on March the 21st, 1988. This was direct communication by the Court to Mr. VanReed as he stood there. There was no doubt nor misunderstanding as to when the case was set. Mr. Niederhauser [original defense counsel] appeared on the 21st. Obviously he understood that the case was set that day. And while you've indicated that there may have been some miscommunication, it's difficult for me to understand why Mr. Niederhauser would make a trip to the courthouse and would be here on time and would stay here—that case was set, I believe, originally at 3:30. And he stayed for some time and I believe we waited to see if Mr. VanReed would show up. Mr. Niederhauser said he had no idea why his client wasn't here and I believe he apologized to the Court for his lack of appearance. We waited until five o'clock—I was here until 5:30 that day, I made a notation, and Mr. VanReed did not appear at any time during that afternoon. No question in the Court's mind this defendant knew that his case was set and that if he didn't know, then it's an indication that he doesn't pay a great deal of attention to what the Court says. Now that doesn't make him a very good candidate for probation, if he can't listen to what's said in court and abide by his responsibilities to be here. We set aside a half hour time for him that day and that time was wasted because he simply ignored his obligations to the Court. So the Court cannot find that he is a very good candidate for probation as a result of that matter.

"The Court further notes that in the presentence report that there are outstanding warrants from another jurisdiction. That indicates that he has not paid a great deal of attention to his obligations to other courts. He just simply has failed to appear there, as he failed to appear in this case.

"The Court also notes that there was a failure to appear in Lenexa, Kansas, in 1985. So he has a rather continuous habit of simply ignoring his obligations to

appear in court when he's supposed to be there. If he will not appear before a judge, there's no reason for this Court to believe that he would pay any attention to an obligation to report to a probation officer.

"The other matter that I note is the fact that he did have a diversion in California, possession of controlled substance. But of equal importance we note that he says that he could stay high he thought for the rest of his life, and apparently that's the reason that he excuses the theft of a considerable amount of property.

"Now, while he has not been convicted apparently of a felony in the past, it would appear that he has been guilty of commission of felonies, perhaps on a daily basis by controlled—by the use of cocaine and that is, of course, a felony in this State. And obviously had he been arrested he probably could have been convicted 20, 30, 40 times of felonies in this State because he knew that it was illegal to possess and use cocaine and in spite of that he simply said I am above the law, I will do what I want to do.

"The defendant has shown no indication of his understanding of the necessity for lawful conduct and the Court cannot find that he is a good candidate for probation. He will be committed to serve the sentence imposed."

The presentence investigation report was before Judge Gray at sentencing and is part of the record submitted to us on appeal. VanReed's prior criminal record includes a 1985 citation for failure to appear in Lenexa, Kansas, which was dismissed the same day; a 1987 California prosecution for possession of a controlled substance, from which VanReed was diverted; and a 1987 Missouri conviction for driving without a license, for which VanReed was granted probation. The report also noted two pending California bench warrants for traffic violations.

In response to the presentence investigator's question as to why he committed the present offense, VanReed had stated: "I thought that at the time that I committed the criminal act that I needed the things that I took for a selfishness habit, I had, I thought I could stay high for the rest of my life." The presentence investigation report noted VanReed's use of cocaine from 1986 to 1987. It also reflected that VanReed had obtained inpatient treatment for substance abuse on his own volition and was successfully discharged in January 1988. In addition to recommending that VanReed make restitution to the victims, the report recommended residential treatment with community corrections to provide a structured environment in which VanReed could continue to address his problems with substance abuse.

A majority of this court is of the opinion that the sentencing court abused its discretion in failing to fully consider the directions of K.S.A. 21-4601 and 21-4606. Under the circumstances of

this case, the sentencing court placed undue emphasis on VanReed's failure to appear on the date originally set for sentencing. VanReed informed the court that his defense attorney had incorrectly advised him of the date he was to appear for sentencing. According to appellant's counsel, VanReed showed up at the courthouse the day after the original sentencing date and voluntarily surrendered to the sheriff when he learned that a bench warrant had been issued for his arrest. He subsequently retained new counsel and appeared in person for sentencing on May 3, 1988.

The trial court also took out of context VanReed's comment to the presentence investigator regarding the reason he committed the offense, and apparently overlooked the fact that he voluntarily obtained and successfully completed inpatient treatment to deal with his substance abuse problem.

We recognize that a reconsideration of the sentence in this case, after giving full consideration to the provisions of K.S.A. 21-4601 and 21-4606, may result in the same disposition. However, we are of the opinion that VanReed is entitled to full consideration of all the circumstances and factors relative to his motion for probation as contemplated by the statutes.

The order of the Court of Appeals dismissing the appeal in this case is reversed. The sentence imposed by the district court is vacated and the case is remanded for resentencing by a different judge.

MILLER, C.J., and McFARLAND, J., dissenting.