(798 P.2d 517)
No. 64,793

STATE OF KANSAS, *Appellee*, v. PATRICIA A. ATWELL, *Appellant*.

Opinion filed September 28, 1990.

*J. Charles Droege*, of Linde Thomson Langworthy Kohn & Van Dyke, P.C., of Overland Park, for appellant.

*W. Scott Toth*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., RULON and LEWIS, JJ.

RULON, J.: Patricia Atwell, defendant, appeals the trial court's denial of presumptive probation as a first-time offender convicted of an E felony. K.S.A. 1989 Supp. 21-4606a and K.S.A. 1989 Supp. 21-4606b. We affirm in part and remand for further proceedings.

On appeal Atwell argues the trial court abused its discretion in finding sufficient facts to overcome the presumption of probation and in failing to consider assignment to community corrections. K.S.A. 1989 Supp. 21-4606a and K.S.A. 1989 Supp. 21-4606b.

The most recent amendment to K.S.A. 21-4606a became effective July 1, 1989, and on the same date K.S.A. 1989 Supp. 21-4606b was added to the sentencing code. L. 1989, ch. 92, §§ 3, 13. Atwell was sentenced on January 25, 1990. K.S.A. 1989 Supp. 21-4606a states:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D or E felony or convicted of an attempt to commit a class D felony shall be probation, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated or the crime is a felony violation of K.S.A.

65-4127b, and amendments thereto, which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. *If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. 1989 Supp. 21-4606b shall apply.*" (Emphasis added.)

K.S.A. 1989 Supp. 21-4606b continues:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines.

"(2) In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following aggravating circumstances existed:

"(a) Whether the crime is a felony violation of K.S.A. 65-4127b and amendments thereto which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances;

"(b) whether the crime is a crime specified in article 34, 35, or 36 of chapter 21 of the Kansas Statutes Annotated; or

"(c) any prior record of the person's having been convicted of a felony or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

Although the statutes above are the most directly relevant in this case, a sentencing judge must also consider K.S.A. 21-4601 and K.S.A. 21-4606.

K.S.A. 21-4601 states the sentencing objective of the corrections system; whereas, K.S.A. 21-4606(2) sets forth specific criteria to be considered by the sentencing court in fixing the minimum term of imprisonment. A trial court's failure to make a detailed statement of the factors considered by the court in imposing sentence does not necessarily constitute an abuse of discretion. *State v. Jennings*, 240 Kan. 377, 381, 729 P.2d 454 (1986).

Several cases have discussed the need to consider the factors in K.S.A. 21-4601 and K.S.A. 21-4606 when considering K.S.A. 1989 Supp. 21-4606a. See *State v. Tittes*, 245 Kan. 708, 784 P.2d 359 (1989); *State v. VanReed*, 245 Kan. 213, 777 P.2d 794 (1989). In both *Tittes* and *VanReed*, the sentencing judge failed to discuss the statutory factors in K.S.A. 21-4606 in sentencing to jail rather

than granting probation. Both cases were remanded for resentencing.

In this case the trial court did consider and state the factors considered in sentencing. Under K.S.A. 21-4606(2)(b) Atwell violated her fiduciary duty and stole a substantial amount of money entrusted to her. Under (2)(c) the act was intentional and occurred over a five-year period. Under 2(f) the victim was an incapacitated member of the Atwell family. The trial court fully considered the sentencing factors and found the presumption of probation in K.S.A. 1989 Supp. 21-4606a overcome.

Here the district court did not, however, take the next step required by statute and consider placement in community corrections as required by K.S.A. 1989 Supp. 21-4606b. Therefore, this case must be remanded for such consideration, even though the end result may be the current sentence.

Denial of probation is affirmed. The case is remanded for consideration of sentencing to community corrections as required by K.S.A. 1989 Supp. 21-4606b.