(709 P.2d 988)
No. 57,745

STATE OF KANSAS, *Appellee*, v. THOMAS LINSIN, *Appellant*.

Opinion filed November 27, 1985.

*James R. Borth*, of Olathe, for the appellant.

*Paul J. Morrison*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., BRISCOE, J., and STEVEN P. FLOOD, District Judge, assigned.

BRISCOE, J.: Defendant Thomas Linsin appeals the prison sentence he received after entering a plea of guilty to conspiracy to sell cocaine, a class E felony. K.S.A. 21-3302; K.S.A. 1984 Supp. 65-4107(b)(5); K.S.A. 65-4127a. The defendant, a first-time offender, contends he should have been sentenced to probation pursuant to the "presumptive sentence" language of K.S.A. 1984 Supp. 21-4606a. He argues the prison sentence imposed was an abuse of discretion resulting from the trial court's misapplication of the statute.

K.S.A. 1984 Supp. 21-4606a provides:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class E felony shall be probation on terms the court determines, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated. In determining whether

to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

Kansas appellate courts have consistently held that a sentence falling within the statutory limits is not erroneous and will not be disturbed on appeal in the absence of special circumstances showing an abuse of discretion. *E.g., State v. Reeves*, 232 Kan. 143, 145-46, 652 P.2d 713 (1982); *Cochrane v. State*, 4 Kan. App. 2d 721, 724, 610 P.2d 649 (1980). Prior to the adoption of K.S.A. 1984 Supp. 21-4606a, a person convicted of a class E felony could receive a suspended sentence, or be fined, placed on probation, or imprisoned for a term of not less than one nor more than two-to-five years, or receive any appropriate combination thereof. K.S.A. 1984 Supp. 21-4603(2) and K.S.A. 1984 Supp. 21-4501(e). With the adoption of K.S.A. 1984 Supp. 21-4606a, the trial court has these same sentencing options, *plus* a presumption under 21-4606a that the sentence in some cases shall be probation.

Here, the defendant's one-year minimum, two-year maximum sentence was clearly within the statutory limits of a class E felony sentence. K.S.A. 1984 Supp. 21-4501(e). We are left then only to consider whether the trial court's interpretation of K.S.A. 1984 Supp. 21-4606a and application of its language to defendant's sentence was an abuse of discretion.

Two basic rules of statutory construction must be considered when interpreting K.S.A. 1984 Supp. 21-4606a. First and foremost, "the purpose and intent of the legislature governs when that intent can be ascertained from the statute." *State v. Flummerfelt*, 235 Kan. 609, 612, 684 P.2d 363 (1984). Legislative intent can be gleaned from a consideration of the entire act and, if possible, effect must be given to the entire act as well as each component provision. *Flummerfelt*, 235 Kan. at 612. Where a statute is plain and unambiguous, this court must give effect to the legislature's expressed intent rather than determine what the law should or should not be. *State v. Sleeth*, 8 Kan. App. 2d 652, Syl. ¶ 1, 664 P.2d 883 (1983). Second, "penal statutes must be strictly construed in favor of persons subjected to their operations, which simply means that ordinary words are to be given their ordinary meaning." *Flummerfelt*, 235 Kan. at 612.

As K.S.A. 1984 Supp. 21-4606a is only one provision dealing

with the punishment of convicted offenders, the legislative intent it expresses becomes clear upon review of sections within the act which also address sentencing. The objective of the correctional process is set out in K.S.A. 21-4601:

"This article shall be liberally construed to the end that *persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities* as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law." Emphasis added.

K.S.A. 21-4606 also gives the sentencing court guidance by enumerating factors the court shall consider in fixing the minimum term of imprisonment. The statute provides:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

In *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), the Kansas Supreme Court referenced the K.S.A. 21-4601 sentencing objectives in its interpretation of K.S.A. 21-4606, and also addressed the importance of the trial court's making a record of the factors it considered in sentencing. The court held that when the sentence imposed by the trial court exceeds the minimum, although not required by K.S.A. 21-4606, it is a better practice for the trial court to make, as part of the record, a detailed statement of the facts and factors considered by the court in imposing sentence. This record, the court opined, would greatly assist the

appellate courts in determining whether the sentencing court has abused its discretion. *Buckner,* 223 Kan. at 151. In *State v. Reeves,* 232 Kan. at 145-48, the court reaffirmed the necessity of sentencing courts to consider the mandates of K.S.A. 21-4601 and 21-4606 in the exercise of their sentencing discretion.

In the case at bar, a close reading of the sentencing transcript convinces us that the trial court considered only the crime for which the defendant stood convicted (conspiracy to sell cocaine) in concluding that the presumptive sentence of probation had been overcome. The trial court stated:

"Drug cases are very, very difficult for the Court. We have people who deal in drugs before the Court regularly. It is not an isolated situation. The drug culture is perhaps the most insidious part of our society at the present time. Not only do we have drug cases, but we have armed robberies, we have burglaries, we have shoplifting, we have almost every kind of property crime which is related to drugs. People are stealing, robbing, in order to get the money to buy drugs to meet their habit. This Court probably would have half the number of cases we presently have if we didn't have the stigma of drugs."

The court went on to note that K.S.A. 1984 Supp. 21-4606a was applicable to defendant's case, but found that "the presumption is overcome because of the very serious nature of the charges which are involved and because of the effect it has upon the community."

The trial court correctly concluded that (1) K.S.A. 21-4606a applied to defendant's sentence; and (2) although there is a "presumptive sentence" of probation under the statute, probation is not mandatory. However, the trial court abused its discretion by relying only upon the nature of defendant's crime to conclude the statutory presumption of probation was overcome. The court's conclusion disregards the policy of individualized treatment set out in K.S.A. 21-4601 and most of the factors set forth in 21-4606. As a result, the record is inadequate to overcome the statutory presumption of probation in 21-4606a.

By these statements we do not intend to prejudge the ultimate disposition of this case; rather, we conclude that in order to overcome the statutory presumption of probation in K.S.A. 1984 Supp. 21-4606a, the sentencing court may not merely rely upon the nature of the crime committed, but must follow the sentencing objectives of K.S.A. 21-4601 and include in the record its consideration of additional sentencing factors as set forth in K.S.A. 21-4606.

Defendant's sentence is vacated and this case is remanded with directions that defendant be resentenced in compliance with K.S.A. 21-4601, K.S.A. 21-4606 and K.S.A. 1984 Supp. 21-4606a.