No. 61,509

STATE OF KANSAS, *Appellant,* v. VICTORIA L. KNABE, aka VICKY
SHEDD, aka VIKI KNABE, aka VIKI BRADLEY, aka VICTORIA BRAD-
LEY, *Appellee.*

(757 P.2d 308)

Opinion filed
July 8, 1988.

*Bruce W. Beye,* assistant district attorney, appeared, and *Robert T. Stephan,*
attorney general, *Dennis W. Moore,* district attorney, and *Steven J. Obermeier,*
assistant district attorney, were on the brief for appellant.

There was no appearance by appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State of Kansas on a
question reserved pursuant to the provisions of K.S.A. 1987
Supp. 22-3602(b)(3). The State questions the court's granting the
defendant probation pursuant to K.S.A. 1987 Supp. 21-4606a.

The facts in the case are not disputed.

The defendant, Victoria Knabe, pled guilty to one count of
theft (K.S.A. 1987 Supp. 21-3701) and one count of forgery
(K.S.A. 1987 Supp. 21-3710). Both crimes are class E felonies.
The district court sentenced the defendant to a term of impris-
onment of one to two years on each count, designating the
sentences to run consecutively. However, the district court
found that the presumptive sentence provisions of K.S.A. 1987
Supp. 21-4606a were applicable, and placed defendant on pro-
bation for a period of five years. Among the conditions imposed
upon defendant in return for the grant of probation, the district
court required defendant to pay restitution in the sum of
$100,417.18. The restitution was to be paid to the clerk of the
district court "at a rate not less than $500 per month commencing
on the first day of October, 1987, and continuing on the first day
of each month thereafter until paid in full."

The State contends that a defendant convicted of more than one class E felony is not entitled to presumptive probation under K.S.A. 1987 Supp. 21-4606a.

K.S.A. 1987 Supp. 21-4606a provides:

"**Presumptive sentence for certain class E felons.** The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class E felony shall be probation or assignment to a community correctional services program on terms the court determines, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

The State argues that, because the phrase "has now been convicted of a class E felony" includes the singular "felony," it cannot apply in the present case where a defendant has been convicted of two felonies. The State's argument is not persuasive. Even applying the statutes separately to each conviction, the requirements for presumptive probation under K.S.A. 1987 Supp. 21-4606a are satisfied. The record fails to reveal that defendant has ever been convicted of a felony. Neither theft nor forgery is "a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated." Finally, there is no prior record of defendant's "having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

Pursuant to the State's interpretation of K.S.A. 1987 Supp. 21-4606a, the legislature did not intend the presumptive sentence statute to apply where a defendant has been convicted of more than one class E felony. However, we must keep in mind that criminal statutes must be construed in favor of the person to be subjected to their operation. *State v. Magness*, 240 Kan. 719, 732 P.2d 747 (1987); *State v. Keeley*, 236 Kan. 555, 694 P.2d 422 (1985). As noted previously, the statute can also be reasonably interpreted to simultaneously apply to separate and contemporaneous class E felony convictions. We adopted a similar rationale in sentencing habitual offenders. In *State v. Wilson*, 230 Kan. 287, 634 P.2d 1078 (1981), we affirmed the Court of Appeals' holding that, in order to enhance a defendant's sentence under K.S.A. 21-4504(2), the conviction of the prior offense must occur before the subsequent offense is committed. In *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), we extended the

sequential relationship applied in *Wilson* to the habitual criminal provisions of K.S.A. 8-1567(d). In *Osoba*, Chief Justice Schroeder, speaking for the court, said:

"The majority rule in imposing increased sentences on habitual offenders, followed in the interpretation of K.S.A. 1982 Supp. 21-4504, is that 'for enhancement of sentence of a defendant as a second offender, the previous conviction must have occurred prior to commission of the principal offense.' *State v. Wilson,* 6 Kan. App. 2d 302, 305, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981). See also *State v. Felton,* 194 Kan. 501, 506, 399 P.2d 817 (1965); Annot., 24 A.L.R.2d 1247. The issue has apparently not arisen under self-contained specific habitual criminal statutes, such as K.S.A. 8-1567.

. . . .

"From examination of statutory language and case law in Kansas as well as other jurisdictions, we conclude the sequential relation requirement applied to K.S.A. 1982 Supp. 21-4504 should, by analogy, be extended to K.S.A. 8-1567." 234 Kan. at 443-45.

The State responds by arguing that, unless its interpretation is adopted, "if one is sentenced for convictions of 40 class E felonies, then presumptive probation would apply." However, it is important to note that the presumption in favor of probation under K.S.A. 1987 Supp. 21-4606a may be overcome by the considerations cited in K.S.A. 1987 Supp. 21-4601 and K.S.A. 21-4606. *State v. Linsin,* 10 Kan. App. 2d 681, 684, 709 P.2d 988 (1985). Thus, a trial court faced with a defendant convicted of 40 class E felonies would be able to rebut the presumption in favor of probation of K.S.A. 1987 Supp. 21-4606a, by a consideration, among other things, of "[t]he defendant's history of prior criminal activity," and "[t]he extent of the harm caused by the defendant's criminal conduct." K.S.A. 21-4606(2)(a) and (b).

We interpret K.S.A. 1987 Supp. 21-4606a to require that a person who is convicted of more than one class E felony, but who has not been convicted of a felony prior to the commission of those class E felonies, and who meets the other requirements of the statute, is entitled to a presumption in favor of probation or assignment to a community correctional services program. However, while the presumptive statute applies in such situations, the court may consider the extent of the defendant's criminal conduct in determining whether the presumption in favor of probation has been overcome. In the present case, although the district court found that the defendant's actions were serious and intentional, it found no reason not to impose the presumptive sentence of probation. The district court made it clear that the

defendant would not have been granted probation absent the presumptive probation statute. The district court informed the defendant:

"You committed a serious crime over a long period of time knowing precisely what you were doing. This was a conscious act on your part extending over many months and the Court feels as Mr. Watson has indicated, that this type of offense really deserves, in my opinion, more than probation, but I am certainly willing to follow the law, because I am sworn to do that.

"The legislature has stated that you are entitled to probation, and if they feel that way, then probation you shall have."

However, after determining that the presumptive probation statute applied, the district court stated that "[t]he legislature has spoken, in its wisdom, and I find nothing in this record which would overcome that." We hold the district court did not err in determining that K.S.A. 1987 Supp. 21-4606a applied and, after finding nothing in the record that would overcome the statutory presumption in favor of the defendant, granting probation.

The appeal of the State is denied.

MILLER, J., concurring: I agree with the majority that K.S.A. 1987 Supp. 21-4606a, the presumptive probation statute, applies to one who is convicted on the same date and in the same court of more than one class E felony. The majority opinion, however, appears to approve the trial judge's finding that nothing in the record would overcome the statutory presumption, thus requiring the grant of probation. The trial judge construed K.S.A. 1987 Supp. 21-4606a to require probation unless the defendant had a prior felony conviction. K.S.A. 1987 Supp. 21-4601, K.S.A. 21-4606, and K.S.A. 1987 Supp. 21-4606a must be read and applied together. K.S.A. 21-4606 first directs the court to consider, among other things, the nature and circumstances of the crime, the public safety, and the seriousness of the defendant's crime. The statute then lists seven factors which must be considered. When the factors listed in K.S.A. 21-4606 are examined, it is apparent that the record *did* contain factors which overcame the presumption. Let us examine them.

The defendant's history of prior criminal activity—defendant had no prior criminal or juvenile record.

The extent of the harm caused by defendant's criminal conduct—over $100,000, embezzled in bits and pieces over a lengthy period of time; substantial harm.

Whether the defendant intended that her criminal conduct would cause serious harm—obviously, the criminal conduct was carefully planned and carried out; harm to the victims and loss of property were intentional.

The degree of defendant's provocation—none.

Grounds tending to excuse or justify the defendant's criminal conduct—none.

Whether the victim induced or facilitated commission of the crimes—no inducement or facilitation is indicated.

Whether the victims have been compensated—obviously the victims have not been compensated; they were out-of-pocket over $100,000 at the time of sentencing.

We should make it clear that under the statutes and upon the facts of this case, the trial court was not obligated to grant probation to this defendant.

McFARLAND, J., concurring in part and dissenting in part: From the record I do not believe the trial judge exercised any discretion as he mistakenly believed that probation was mandatory under K.S.A. 1987 Supp. 21-4606a. This is borne out by the court's statement set forth in the majority opinion. I would sustain the appeal as to that one issue. I concur with the majority as to the other issue.