No. 62,692

STATE OF KANSAS, *Appellee*, v. WAYNE TITTES, *Appellant*.

(784 P.2d 359)

Opinion filed December 8, 1989.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Perry Warren*, acting county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Wayne Tittes appeals from the sentence imposed by the district court following his plea of no contest to one count of felony theft, K.S.A. 21-3701, a class E felony. The district court sentenced the defendant to one to two years and denied his motion for probation under K.S.A. 21-4606a. The Court of Appeals affirmed the district court in an unpublished opinion filed May 19, 1989. We granted the defendant's petition for review.

On October 19, 1987, defendant was charged with one count of felony theft, K.S.A. 21-3701, for exerting unauthorized control over a pickup truck in Edson, Kansas. The incident occurred when defendant's truck broke down while driving from his home

in Cassville, Missouri, to Colorado. Apparently defendant abandoned his own truck and took this truck, which was parked in front of its owner's business. Defendant, who was accompanied by the 14-year-old brother of his former girlfriend, was arrested in Utah as the two were on their way to California.

Defendant pled no contest to felony theft on November 9, 1987. The district court ordered preparation of a presentence investigation report (PSI), and the case was scheduled for sentencing on March 7, 1988. At that time, the hearing was continued indefinitely because defendant was undergoing psychiatric evaluation in Missouri. Sentencing eventually occurred on July 11, 1988.

The PSI is accompanied by extensive documentation of defendant's serious psychiatric problems. These documents include discussions of defendant's periodic delusions that he is Jesus Christ and his diagnosis as suffering from a bipolar disorder. The documentation indicates that when defendant takes his prescribed medication, his mental illness is controlled. Although he continues to suffer from mildly delusional thinking, he is able to function with outpatient therapy.

The PSI also indicates that the only prior charge against defendant involved a 1982 juvenile diversion in Colorado for possession of stolen property, which was successfully completed. The PSI also notes, however, that while defendant was free on bond in the present case, he was charged on December 10, 1987, with theft of services, criminal damage to property, and criminal trespass in Independence, Kansas. These charges apparently arose after defendant was arrested for gas theft occurring in Neodesha, Kansas. Following this incident, his pickup was impounded in Independence, and he was jailed. Upon his release from jail, defendant allegedly broke into the wrecking yard where his pickup was located and stole the vehicle. After this occurred, his whereabouts were unknown.

The recommendation of the PSI provided as follows:

"This is the subject's first felony conviction. He was charged with Possession of Stolen Property as a juvenile. He was placed on a diversion program and completed that program successfully. However, since Mr. Tittes has pled guilty he has absconded and has four additional charges filed on him in Montgomery County, Kansas. His whereabouts are unknown to this

officer at this time. For these reasons this officer does not believe Mr. Tittes is a good candidate for probation and would recommend that he be placed in the custody of the Secretary of Corrections for a period of time deemed necessary by this Court and as outlined by law."

At the sentencing hearing, defense counsel asked the court to reduce the amount of restitution requested by the victim. The court then imposed a sentence of not less than one nor more than two years, as set out in K.S.A. 21-4501(e). Defense counsel moved for probation because this was the first felony conviction for his client. Counsel noted for the court that his client suffered from bipolar malfunctioning, but that this was under control through his current medication of lithium and stelazine.

The prosecutor agreed that this was the first felony conviction but noted that, since the conviction, defendant had encountered other problems. The prosecutor then stated: "And there is a presumptive sentencing statute that I guess would apply in this particular case, Your Honor."

In response to the prosecutor's statement, the court pointed out that the court services officer indicated defendant was not a proper candidate for probation. The prosecutor noted that his usual position was that the court services officer had a better opportunity to know a defendant's problems and his attributes and eligibility for probation than the prosecutor. The prosecutor ended by stating: "So it's my usual course of conduct, Your Honor, that I make no other recommendation other than what's recommended by the court services officer. And that would be the case here, Your Honor." In response to this, the court stated:

"Well, and my usual process is to agree with the court service people, because they're the ones that have this to do, and that's why we pay them and that's why we hire them. You'll be in the custody of the Secretary of Corrections. Your application for probation will be denied at this time."

The defendant challenges the decision of the district court on two grounds: (1) failure of the district court to exercise any independent discretion because it merely adopted the court services officer's recommendation, and (2) abuse of discretion by not granting probation pursuant to K.S.A. 21-4606a under the facts in this case.

Initially, it should be noted that this court has jurisdiction to consider the denial of probation in this case. Generally, no direct

appeal will lie from a denial of probation following a guilty or nolo contendere plea. *State v. Hamilton,* 240 Kan. 539, 540, 731 P.2d 863 (1987); *State v. Haines,* 238 Kan. 478, 712 P.2d 1211, cert. denied 479 U.S. 837 (1986), *rev'd on other grounds State v. Harrold,* 239 Kan. 645, 722 P.2d 563 (1986). However, in *State v. Van Reed,* 245 Kan. 213, 777 P.2d 794 (1989), this court recognized a narrow exception to that rule allowing review of a decision by a sentencing court that denies a presumptive sentence of probation pursuant to K.S.A. 21-4606a.

The presumption of probation for a first-time felony offender contained in K.S.A. 21-4606a was enacted in 1984 as part of a reclassification of various property crimes by the Kansas Legislature. Thus, at the same time the legislature enacted K.S.A. 21-4606a, it changed felony theft from a class D felony to a class E felony. L. 1984, ch. 119, § 1, 2. K.S.A. 21-4606a provides:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class E felony shall be probation or assignment to a community correctional services program on terms the court determines, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

The objective of the correctional process as adopted by the Kansas Legislature is set out at K.S.A. 21-4601:

"This article shall be liberally construed to the end that *persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities* as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law." (Emphasis added.)

The Kansas Legislature also provided the sentencing court with guidance by enumerating factors to be considered in fixing a minimum term of imprisonment. This guidance is contained at K.S.A. 21-4606, which provides:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

Defendant argues that the court's statement adopting the PSI recommendation, combined with its failure to discuss any factors considered in denying probation, indicates the court did not exercise independent discretion in denying probation. Defendant argues that this is analogous to the refusal of the trial court in *State v. Owens & Carlisle*, 210 Kan. 628, 632-36, 504 P.2d 249 (1972), to consider probation or any subsequent modification of sentence; instead, the court ordered the state board of probation and parole to make this decision. This court made no attempt, in *Owens & Carlisle*, to prescribe criteria for the exercise of the probation power, and recognized that sentencing is a judicial function, unreviewable if within statutory limits and if procedural safeguards are observed. 210 Kan. at 635-36. Yet sentencing "is a function that may not be delegated, that is, a trial court may not divest itself of this responsibility." 210 Kan. at 636. Although the trial court had discretionary authority to adjudge the sentence, it never exercised this discretion, instead assigning it to the state board of probation and parole. Because the parties were entitled to an exercise of that discretion, the judgment committing the appellants to the state director of penal institutions was reversed and the case remanded for disposition on the question of the granting of probation or a modification of sentence. 210 Kan. at 636.

The State argues that *Owens & Carlisle* is distinguishable in that, there, the district court "turned over the entire process of granting probation," whereas here, the court merely followed the recommendation of the court services officer. The Court of Appeals agreed:

"The presentence report's recommendation to deny probation was before the trial court, and it considered and adopted it. Although the trial judge admitted he usually followed the recommendations in the reports, it is clear that he, and not the court services officer, made the decision to deny probation."

We do not agree. The record on appeal is void of any mention, let alone consideration, of K.S.A. 21-4606 or K.S.A. 21-4606a by the district court. We can only conclude from the record that the trial court adopted the recommendation of the court services officer without considering the policy of individualized treatment mandated by K.S.A. 21-4601 or the factors of K.S.A. 21-4606, listed to give the court guidance when imposing more than a minimum term. Thus, it concluded that the presumption of probation was overcome without any explanation of the individual characteristics, circumstances, needs, and potentialities of this defendant or the existence of particular factors in this case. This initial determination to grant or deny probation is vested solely in the district court and cannot be delegated or arbitrarily dispensed with. Defendant is entitled to have the court exercise its independent discretion and, here, the district court failed to do so.

The Court of Appeals also concluded that the trial court's reference to the PSI established substantial compliance with K.S.A. 21-4606, relying upon the decisions in *State v. Webb*, 242 Kan. 519, 531, 748 P.2d 875 (1988), and *State v. McGlothlin*, 242 Kan. 437, 438, 747 P.2d 1335 (1988). In *Webb*, however, the sentencing court specifically incorporated the PSI into the record. That report contained information about previous offenses, poor work records, serious marijuana and alcohol abuse problems, and the failure of several opportunities to correct past criminal behavior and end substance abuse. 242 Kan. at 530-31. In *McGlothlin*, the court had the PSI, a report from the Sedgwick County Community Corrections Department, and reports from counselors. These reports indicated drug use and minor offenses, the lack of motivation

to quit drug use, failure to comply with treatment requirements in a recent drug offense probation, and failure to attend probation report meetings. 242 Kan. at 438-39. More important, neither of these cases involves the statutory presumption of probation contained in K.S.A. 21-4606a.

Here, the Court of Appeals opined that "it would have been the better practice for the trial court to have been more explicit in setting forth its reasoning for the denial of probation," but found no abuse of discretion in denying the presumptive probation. In reaching this conclusion, the Court of Appeals recognized that the trial court did not enunciate the factors considered in concluding that the presumption of probation should be denied, but indicated it was considering the PSI.

The State concedes that the district court did not make a record of the factors it considered in sentencing defendant and, if the trial court is required to do so in order to overcome the presumption in K.S.A. 21-4606a, "then probably this case must be remanded for resentencing." However, in its brief, the State requests this court to find that the district court, by examining the PSI, "necessarily made its determination as to the factors contained in K.S.A. 21-4606."

Defendant points out that the PSI here does not address the application of the presumption of probation under K.S.A. 21-4606a or the reasons to overcome that presumption. Furthermore, defendant argues that, if the court had considered the guidance of the factors listed at K.S.A. 21-4606(2), it would have found several factors in defendant's favor. For example, defendant's only prior record involved a juvenile adjudication in which diversion was successfully completed. K.S.A. 21-4606(2)(a). The harm caused by the conduct was relatively minor because the stolen truck was recovered. K.S.A. 21-4606(2)(b). Although restitution was ordered in the amount of $2,746.47, at least half covered expenses incurred by the owner in his trip to retrieve the pickup, including $1,200 in lost time from work. Also, defendant argues that the psychiatric problems he suffered at the time of the theft tended to excuse his conduct. K.S.A. 21-4606(2)(e).

In *State v. Linsin*, 10 Kan. App. 2d 681, 682-83, 709 P.2d 988 (1985), the Court of Appeals recognized this court's preference for the trial court to make a record of factors considered in

sentencing, which greatly assists the appellate courts in determining whether the sentencing court has abused its discretion. The Court of Appeals concluded in *Linsin* that, to overcome the statutory presumption of probation in K.S.A. 21-4606a, the sentencing court must follow the sentencing objectives of K.S.A. 21-4601 and include in the record a discussion of the sentencing factors of K.S.A. 21-4606 that it considered. 10 Kan. App. 2d at 684.

In *State v. Knabe*, 243 Kan. 538, 540, 757 P.2d 308 (1988), this court interpreted the presumption of probation or assignment to a community correctional service program of K.S.A. 21-4606a to apply to a person who is convicted of more than one class E felony, but who has not been convicted of a felony prior to the commission of those class E felonies, and who has met the other requirements of the statute. Although the presumption applies, the sentencing court can consider the extent of the defendant's criminal conduct in the case being adjudged to determine whether the presumption in favor of probation has been overcome. 243 Kan. at 540. However, since our decision in *Knabe* did not limit *Linsin*, a trial court abuses its discretion by relying solely upon the nature of the defendant's crime to conclude the statutory presumption of probation is overcome. Instead of considering only one factor, the court must make its decision after considering the policy of individualized treatment set out at K.S.A. 21-4601 and all the applicable guiding factors set forth in K.S.A. 21-4606. *State v. Linsin*, 10 Kan. App. 2d at 684.

If the court had, in fact, exercised its discretion, the record does not indicate adequate consideration of the statutory presumption of probation in K.S.A. 21-4606a. The mere reference by the district court to the PSI and adopting its recommendation is not sufficient to overcome the legislative presumption under K.S.A. 21-4606a. It was incumbent upon the district court to fully consider all the circumstances and factors contemplated by K.S.A. 21-4601 and K.S.A. 21-4606 and, upon denying probation, to indicate in the record those factors the court considered in overcoming the presumption of probation in K.S.A. 21-4606a.

Judgment of the Court of Appeals affirming the district court is reversed. The sentence imposed by the district court is vacated and the case is remanded for resentencing.

Six, J., not participating.