(800 P.2d 148)

No. 64,930

STATE OF KANSAS, *Appellee,* v. RICHARD BERNARD RAY, *Appellant.*

Opinion filed November 2, 1990.

*Thomas Jacquinot,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Randy M. Hendershot,* assistant district attorney, *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, C.J., ELLIOTT and GERNON, JJ.

ELLIOTT, J.: Richard B. Ray appeals his sentence for burglary, a class D felony, K.S.A. 21-3715. Ray contends that, based on the presumptive sentence established in K.S.A. 1989 Supp. 21-4606a and -4606b, he was entitled to probation or, alternatively, assignment to a community correctional services program (community corrections).

We affirm.

Ray was originally charged with aggravated burglary and theft, but the State amended count 1 of aggravated burglary to burglary and dismissed count 2 of theft. Ray then pled no contest to the amended charge.

At the initial sentencing hearing, no final decision was reached. The trial court recognized that recent changes to the sentencing statutes require a two-step analysis. First, the trial judge examined the presumption of probation. Based on Ray's prior record and the factors listed in K.S.A. 21-4606, the trial court found that presumptive probation under K.S.A. 1989 Supp. 21-4606a was rebutted.

The trial court's next step was to evaluate the presumption in favor of community corrections. To determine this issue, the trial judge ordered Ray to be rescreened for community corrections purposes.

At the second sentencing hearing, Judge Allen reevaluated Ray's file. He took into consideration Ray's juvenile record; his adult criminal record, which consisted of several misdemeanors; the presentence investigation report; the State Reception and Diagnostic Center evaluation; and the factors listed in 21-4606. In addition, he reviewed the rescreening report and recommendation filed by community corrections. Based on this information, Judge Allen found the presumption for probation under 21-4606a was rebutted as well as the presumption for community corrections under 21-4606b. Ray was subsequently sentenced to two to five years in the custody of the Secretary of Corrections.

In determining if the trial court erred in sentencing Ray to incarceration, our scope of review is abuse of discretion. Denial of probation is not reversible error absent an abuse of discretion. *State v. VanReed*, 245 Kan. 213, 217, 777 P.2d 794 (1989); see *State v. Wood*, 235 Kan. 915, 926, 686 P.2d 128 (1984).

In 1989, the legislature amended K.S.A. 21-4606a to provide for presumptive probation for first-time class D and E felons and deleted the option for a presumptive community corrections sentence. The legislature then added 21-4606b, providing for presumptive community correction sentences, but only after the presumption for probation has been rebutted.

Past appellate decisions applying the old sentencing provisions held that article 46 should be read as a whole. For example, the court in *State v. Tittes*, 245 Kan. 708, 715, 784 P.2d 359 (1989), held that, in determining whether to grant probation, the district court should evaluate all the circumstances and factors contemplated by K.S.A. 21-4601 and -4606, in addition to those factors specifically mentioned in 21-4606a.

And, according to *VanReed*, consideration of these factors, including the extent of defendant's prior criminal history (whether felonious or not), is sufficient to overcome the presumption of probation. See 245 Kan. at 219-20.

Although the sentencing statutes have changed since *Tittes* and *VanReed*, the reasoning of the statutes' purposes appear intact. Legislative history does not indicate that a change in the individualized treatment policy was intended.

The trial court did not abuse its discretion in denying probation. The trial court went through the factors of 21-4606a and then evaluated the criteria of 21-4606. The trial court found that Ray had an extensive criminal history, including two juvenile convictions and eight adult misdemeanor convictions. Harm was caused by Ray's actions. He assaulted people and intended to cause harm by his actions (Ray held a sharp object to Henderson's throat in the present case). The trial court further found Ray was not provoked and has not and probably will not compensate his victims for the damage caused. And, Ray was on probation at the time of the present incident. Because 21-4601 mandates an individualized sentence to fit a person's circumstances and needs, the trial court determined the presumption of probation was rebutted.

Nor did the trial court abuse its discretion in finding the presumption for community corrections was also rebutted. As previously stated, almost every factor of 21-4606 was met. Further, Ray's individual circumstances, such as his attitude that he can commit crimes and get away with them and probation's past ineffectiveness, along with the trial court's review of the rescreening report, support the finding that the presumption for community corrections was rebutted. The trial court did not act unreasonably or arbitrarily in sentencing Ray to incarceration.

In the present case, the trial court evaluated, weighed, and based its decision on the criteria of K.S.A. 21-4601 and -4606, along with 21-4606a and -4606b. No abuse of discretion has been shown. See *State v. Knabe*, 243 Kan. 538, 757 P.2d 308 (1988); *State v. Harrold*, 239 Kan. 645, 722 P.2d 563 (1986).

Affirmed.