(819 P.2d 128)

No. 65,577 ■

STATE OF KANSAS, *Appellee*, v. RAFAEL BARRAZA-FLORES, *Appellant*.

Opinion filed June 21, 1991.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ricklin R. Pierce*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., DAVIS and PIERRON, JJ.

PIERRON, J.: Rafael Barraza-Flores appeals the Finney County District Court's imposition of maximum consecutive sentences after he pleaded guilty to charges of theft (K.S.A. 21-3701) and conspiracy to commit theft (K.S.A. 21-3302; K.S.A. 21-3701), both class E felonies.

On October 26, 1989, undercover investigator Michael D. Utz received a tip from a confidential source that a couple staying in the Continental Inn Motel in Garden City had stolen hats and coats for sale. Utz had his source tell the couple, later identified as Rafael Barraza-Flores and Frances Krejci, that Utz was interested in buying and would call. Utz then obtained a search warrant for the motel room and called the couple to arrange a purchase. During the phone conversation, Krejci described the goods as being stolen from Crazy House, a western wear store in Garden City. Utz went to the couple's motel room and purchased a leather bomber-style coat and Stetson hat for $180. After the sale was complete, Utz told the couple he would like to buy some more coats; the couple said they would steal more. Immediately thereafter, police entered the room, arrested Barraza-Flores and Krejci, and searched for other stolen items. During the search officers found a number of items, including cowboy boots, Hilton Hotel towels and washcloths, and several pieces of identification for the couple listing various names and dates of birth. Barraza-Flores was charged with theft of property valued at more than $500, conspiracy to commit theft, obstruction of legal process, and theft of property valued at less than $500.

Barraza-Flores, born in Mexico in October 1947, is an illegal alien and had been deported three times prior to this incident. He was arrested in 1981 by Wichita police for possession of marijuana, was fined $100, and spent 60 days in jail. In 1983, he was charged with driving under the influence of alcohol in Wichita; he was fined and granted diversion. In 1984, he was convicted of shoplifting in Goodland, Kansas, and fined. Barraza-Flores began living with Krejci in 1985 and has a daughter as a result of that relationship. He claimed he stole the clothing be-

cause he could find no work and needed money to buy food for his family.

A plea bargain was arranged and on January 5, 1990, Barraza-Flores pleaded guilty to charges of theft of property valued at more than $500 and conspiracy to commit theft. On February 16, 1990, Judge J. Stephen Nyswonger sentenced Barraza-Flores to two terms of one to five years in prison, to be served consecutively. Judge Nyswonger asked counsel if they felt K.S.A. 1990 Supp. 21-4606a, the presumptive probation statute, applied in this case. The State was mute on the issue as part of the plea bargain; counsel for Barraza-Flores argued the statute did apply. The trial judge held the statute was inapplicable and denied probation. On April 19, 1990, Barraza-Flores filed a motion to modify sentence and again sought probation. The motion was denied. Barraza-Flores timely appeals.

The first issue to consider is whether the district court erred in ruling K.S.A. 1990 Supp. 21-4606a was inapplicable in this case.

Barraza-Flores argues that, by determining K.S.A. 1990 Supp. 21-4606a did not apply in this case, the trial court misinterpreted the law and never exercised its judicial discretion. The State argues the decision to deny or grant probation is left to the trial court's discretion and in this case the court did not abuse that discretion.

"The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision." *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988). The standard used in reviewing a trial court's conclusions of law, however, is quite different: "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). Since the standards of review differ, this court must first determine what it is being asked to review: a question of law or a discretionary act.

K.S.A. 1990 Supp. 21-4606a and K.S.A. 1990 Supp. 21-4606b are central to the questions posed in this case. K.S.A. 1990 Supp. 21-4606a states in pertinent part:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D or E felony . . . shall be probation, unless the conviction is of a crime or of an attempt to commit a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated or in the uniform controlled substances act or the person convicted is a juvenile offender in the custody of the department of social and rehabilitation services. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. 1989 Supp. 21-4606b shall apply."

K.S.A. 1990 Supp. 21-4606b states in part:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines."

When they are applicable, these two statutes require the trial court to apply a two-step analysis: first, whether there is a presumption of probation, which can be rebutted; second, once a probation presumption is rebutted, whether there is a presumption of assignment to community correctional services, which can be rebutted. See *State v. Ray*, 15 Kan. App. 2d 1, 800 P.2d 148 (1990).

During sentencing in this case, the district court first imposed the maximum sentences for each count and then asked counsel if they thought 21-4606a was applicable. The State declined comment under terms of the plea bargain. Counsel for Barraza-Flores said he believed the statute was applicable, in part because "[t]he defendant has never previously been convicted of any felonies." The district court then held:

"I'm going to find at this time that K.S.A. 21-4606a is not applicable, and the presumption of probation does not exist; and I state this for the reason that on three prior occasions the defendant has unlawfully entered the United States and been deported from the United States. This shows in this Court's opinion an absolute disregard for the laws of this country. Furthermore, on the basis that he is not an American citizen and has in fact crossed regularly back and forth across the border between the United States and Mexico. He is not a fit candidate for probation as he may be an absconder. His application for probation is denied."

In reviewing the district court's decision, it is clear the court held K.S.A. 1990 Supp. 21-4604a and K.S.A. 1990 Supp. 21-4606b did not apply. Indeed, if the court had believed the statutes were applicable, it would have had to have gone through the two-step analysis discussed above. *State v. Ray*, 15 Kan. App. 2d 1. It did not; indeed, it never even mentioned the possibility of assignment to community correctional services. We conclude the court held the statute did not apply in this case. The ruling that the statute did not apply is one of law; thus, this court's review is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d at 674.

To determine whether the two statutes apply in this case, the rules of statutory construction must be followed. "The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute." *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). Further, "criminal statutes must be construed in favor of the person to be subjected to their operation." *State v. Knabe*, 243 Kan. 538, 539, 757 P.2d 308 (1988).

K.S.A. 1990 Supp. 21-4606a requires:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of . . . [an] E felony . . . shall be probation, unless the conviction is of a crime . . . specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated . . . the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

In this case, Barraza-Flores, an adult, was convicted of two E felonies, which are not crimes "specified in article 34, 35, or 36 of chapter 21 of Kansas Statutes Annotated or in the uniform controlled substances act." K.S.A. 1990 Supp. 21-4606a. The record also showed Barraza-Flores had never been convicted of any felony prior to those in this case. Further, the record showed he had no juvenile arrest record. These facts provide ample basis to conclude the presumption of probation did apply; nevertheless, it is appropriate to review and analyze the court's reasons for finding the statutes inapplicable. The court listed several reasons for its ruling:

1. "[O]n three prior occasions the defendant has unlawfully entered the United States and been deported from the United States."

Barraza-Flores was deported three times, but the record does not indicate he was ever tried and convicted on any charge as a part of those deportation actions. A plain reading of K.S.A. 1990 Supp. 21-4606a shows the statute applies unless the defendant has a prior *conviction* for a felony. Barraza-Flores has no such conviction; therefore, the district court erred in considering the deportation actions in determining the presumption was inapplicable.

Further, it should be noted the district court concluded that Barraza-Flores had entered the United States illegally three times. The record, however, shows that, while Barraza-Flores was deported three times, only one of those deportation actions was for illegal entry into this country. He was deported once for an unspecified immigration violation, and there is no reason listed for the third deportation proceeding.

2. In the court's opinion, Barraza-Flores had "an absolute disregard for the laws of this country."

A plain reading of the presumptive probation statute shows a defendant's attitude toward the law has no impact on whether there is a presumption of probation. K.S.A. 1990 Supp. 21-4606a. The court erred in considering it.

At this point, it is important to stress that it is not appropriate or necessary to summarily dismiss the district court's concerns about Barraza-Flores' criminal record and attitudes. In *State v. Knabe*, the Supreme Court acknowledged that there are often concerns about defendants' suitability for probation as shown by their criminal histories, but those histories do not necessarily determine whether there is a presumption. See 243 Kan. at 540. In that case, the State argued that, when a defendant is convicted of more than one class E felony, the presumption should not apply. The State argued that, if it did, it would be possible for a defendant facing 40 separate charges to be entitled to presumptive probation. 243 Kan. at 540. The Supreme Court responded:

"[I]t is important to note that the presumption in favor of probation under K.S.A. 1987 Supp. 21-4606a may be overcome by the considerations cited

in K.S.A. 1987 Supp. 21-4601 and K.S.A. 21-4606. [Citation omitted.] Thus, a trial court faced with a defendant convicted of 40 class E felonies would be able to rebut the presumption in favor of probation of K.S.A. 1987 Supp. 21-4606a, by a consideration, among other things, of '[t]he defendant's history of prior criminal activity,' and '[t]he extent of the harm caused by the defendant's criminal conduct.' K.S.A. 21-4606(2)(a) and (b).

"We interpret K.S.A. 1987 Supp. 21-4606a to require that a person who is convicted of more than one class E felony, but who has not been *convicted* of a felony prior to the commission of those class E felonies, and who meets the other requirements of the statute, is entitled to a presumption in favor of probation or assignment to a community correctional services program. However, while the presumptive statute applies in such situations, the court may consider the extent of the defendant's criminal conduct in determining whether the presumption in favor of probation has been overcome." (Emphasis added.) *State v. Knabe,* 243 Kan. at 540.

In this case, the trial court did not use Barraza-Flores' record of alleged disrespect of the law to rebut the presumption; rather, it used that record to find the presumption did not apply. In so doing, it erred.

3. Barraza-Flores "is not an American citizen."

Equal protection under the law is guaranteed to all persons, including illegal aliens. See *Plyler v. Doe,* 457 U.S. 202, 210-16, 72 L. Ed. 2d 786, 102 S. Ct. 2382, *reh. denied* 458 U.S. 1131 (1982). Therefore, Barraza-Flores is constitutionally entitled to the protection offered by K.S.A. 1990 Supp. 21-4606a, and any effort to deny that protection based on his citizenship status is constitutionally barred. *Plyler,* 457 U.S. at 210-16.

4. Barraza-Flores has "crossed regularly back and forth across the border between the United States and Mexico."

A review of the record shows there is no factual basis to be found for this conclusion. Granted, Barraza-Flores has traveled back and forth between countries. But there is nothing in the record to indicate how often, or even when he entered this country last. Nevertheless, a defendant's travel habits have nothing to do with whether K.S.A. 1990 Supp. 21-4606a is applicable.

5. Barraza-Flores "may be an absconder."

A review of the record shows there is little basis for this conclusion as well. Indeed, while Barraza-Flores has clearly violated immigration laws, it has always been to get into this country, not

in an effort to leave. He has never been on probation or parole; thus, his propensity to flee under those circumstances has never been tested. Further, a defendant's propensity for flight is clearly not a factor to be used in determining whether the presumption of probation applies. K.S.A. 1990 Supp. 21-4606a.

It is clear Barraza-Flores was entitled to the presumption of probation guaranteed in K.S.A. 1990 Supp. 21-4606a and that all of the district court's stated reasons for not applying the statute lack merit.

"[A] person who is convicted of more than one class E felony, but who has not been convicted of a felony prior to the commission of those class E felonies, and who meets the other requirements of the statute, is entitled to a presumption in favor of probation or assignment to a community correctional services program." *State v. Knabe*, 243 Kan. at 540.

We, therefore, remand the matter to the trial court for consideration of K.S.A. 1990 Supp. 21-4606a and K.S.A. 1990 Supp. 21-4606b and of whether the presumptions are rebutted under these facts.

The second issue to consider is whether the district court abused its discretion in sentencing Barraza-Flores to two consecutive maximum sentences.

Barraza-Flores argues the district court abused its discretion by sentencing him to serve maximum sentences for each count against him and by ordering him to serve those sentences consecutively. The State argues the district court properly applied sentencing criteria and did not abuse its discretion in sentencing Barraza-Flores.

"[An appellate] court will not, except in special circumstances showing abuse of discretion, set aside a sentence which is within statutory limits." *State v. Webb*, 242 Kan. 519, 530, 748 P.2d 875 (1988). As noted in the discussion above, "[t]he test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision." *Hoffman v. Haug*, 242 Kan. at 873. Further, the Supreme Court has instructed:

"[I]t is the better practice, when the sentence exceeds the minimum, for the trial court, on the record, to make a detailed statement of the facts and factors considered by the court in imposing sentence. However, a trial court's

failure to make such a detailed statement does not necessarily demonstrate an abuse of discretion; each case must be considered on its facts. [Citations omitted.] Also, it is a familiar rule that a sentence which is within the statutory limits will not be disturbed on appeal provided it is within the realm of discretion on the part of the trial court and not a result of partiality or prejudice. [Citations omitted.]" *State v. McGlothlin*, 242 Kan. 437, 438, 747 P.2d 1335 (1988).

Barraza-Flores does not allege either partiality or prejudice. Further, the sentences imposed for the class E felonies are within the statutory limits of K.S.A. 21-4501. Thus, abuse of discretion must be proved before this court can alter the sentences imposed. In this case, the district court's comments on sentencing were brief:

"On count one it will be the sentence of this Court pursuant to K.S.A. 21-3701, 21-4501, 21-4601, 21-4603, 21-4606, 21-4609 that you be sentenced to the custody of the secretary of corrections for a term of not less than one, nor more than five years. [On] count two pursuant to K.S.A. 21-3302, 21-3701, 21-4501, 21-4601, 21-4603, 21-4606, 21-4609 that you be sentenced to a term of not less than one, nor more than five years, said sentence to run consecutively with count one.

"The reason that I've ordered that these sentences are to run consecutively is because the evidence reflects and shows that this was not a theft for personal use, but was a theft for personal gain. Not only were the items taken in a shoplifting operation, but they were advertised for sale to others; and it is in the Court's opinion that the maximum-maximum sentence and the consecutive sentences are appropriate."

While the district court did not specifically mention any other concerns as it imposed sentence, it did express concern about Barraza-Flores' criminal past a few moments later as it refused to apply the presumptive probation statute. A defendant's record of criminal activity is one of the factors listed in K.S.A. 21-4606 as appropriate to consider when imposing sentence. Further, the district court had before it a presentencing report that included Barraza-Flores' criminal history, a description of his criminal activities, a description of his motivation for committing the crime, and comments from the victim—all of which are sentencing factors listed in K.S.A. 21-4606. Thus, it is reasonable to conclude the district court did consider the factors in K.S.A. 21-4606; therefore, there was no abuse of discretion. Barraza-Flores' complaint on this point lacks merit.

Barraza-Flores argues the district court abused its discretion in ordering the sentences to be served consecutively because "[t]he mere fact that Mr. Barraza-Flores worked in conjunction with his wife, rather than by himself, to shoplift items to provide for his family's financial needs does not justify twice as long of a prison sentence."

K.S.A. 1990 Supp. 21-4608(1) states: "When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, . . . such sentences shall run concurrently or consecutively as the court directs." "Whether separate sentences imposed on the same day should be concurrent or consecutive is discretionary with the trial court." *State v. Pioletti*, 246 Kan. 49, 68, 785 P.2d 963 (1990). Further, "[t]he sentencing criteria in K.S.A. 21-4606 apply to a trial court's determination of the sentence to be imposed and the sentence includes whether multiple terms of imprisonment are to be served consecutively or concurrently." 246 Kan. at 68.

In this case, it is clear the district court considered the factors in K.S.A. 21-4606. The trial court clearly felt that, given Barraza-Flores' criminal past, the nature of this crime, and Barraza-Flores' motivation, a maximum sentence was appropriate. While some would find the potential 10-year prison sentence unduly harsh, clearly others would find the trial court acted reasonably. Under these circumstances, the abuse of discretion test has not been met, and it is appropriate for this court to hold the imposition of consecutive sentences in this case was not an abuse of discretion.

At oral argument we were informed that defendant has been deported for a fourth time to Mexico and is not likely to be available for further proceedings. As stated above, on these facts K.S.A. 1990 Supp. 21-4606a would seem to mandate a presumptive sentence of probation. Thus, the court in this case erred in failing to consider presumptive probation and, as a result, imposed an illegal sentence which must be corrected. Under K.S.A. 22-3504, when correcting an illegal sentence "[t]he defendant shall have a right to a hearing, . . . to be personally present and to have assistance of counsel. . . ."

As was stated in *State v. Turbeville*, 235 Kan. 993, 1003-1004, 686 P.2d 138 (1984): "Where a sentence is void, the presence of

the defendant is required for the sentencing court to correct the void sentence."

We are aware that due to this criminal conviction and the defendant's history he is not likely to receive a visa to enter this country. Neither does it seem probable that extradition from Mexico will be sought by our national government. The factors set out in *State v. Fennell,* 218 Kan. 170, 177, 542 P.2d 686 (1975), justifying sentencing in absentia, especially the requirement of a waiver of presence by the defendant, are not present here.

Under these peculiar facts, if the defendant is not within the reach of the trial court on remand we believe the only reasonable course would be to issue a warrant for his arrest. If and when Mr. Barraza-Flores is ever detained in Kansas, he can then be properly sentenced—and deported again.

The maximum consecutive sentences are affirmed and the matter is remanded for consideration of K.S.A. 1990 Supp. 21-4606a and K.S.A. 1990 Supp. 21-4606b.

Affirmed and remanded.