(851 P.2d 397)

No. 68,335

STATE OF KANSAS, *Appellee,* v. SHANE L. SMITH, *Appellant.*

Opinion filed May 7, 1993.

*Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Tony Rues,* assistant district attorney, *Sue Carpenter,* former assistant district attorney, *Gene M. Olander,* former district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRAZIL, P.J., LEWIS, J., and DANIEL L. BREWSTER, District Judge, assigned.

BRAZIL, J.: Shane L. Smith appeals the denial of presumptive probation or assignment to community corrections following his first adult felony convictions. Smith contends the district court erred in holding that the statutory presumptions favoring probation and community corrections were inapplicable when a de-

fendant's prior juvenile convictions would have been felonies if committed by an adult. Smith also contends the court abused its discretion in denying probation or assignment to community corrections by only considering Smith's prior juvenile convictions. We vacate and remand for resentencing.

The standard of review when reviewing the denial of probation is whether the district court abused its discretion.

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *State v. Wagner*, 248 Kan. 240, 242, 807 P.2d 139 (1991).

K.S.A. 1992 Supp. 21-4606a creates a presumption of probation for first-time offenders convicted of a class D or E felony or who have been convicted of an attempt to commit a class D felony. The statute states:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D or E felony or convicted of an attempt to commit a class D felony shall be probation, unless the conviction is of a crime or of an attempt to commit a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated or in the uniform controlled substances act or the person convicted is a juvenile offender in the custody of the department of social and rehabilitation services. In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. 1992 Supp. 21-4606b shall apply."

If this presumption of probation is overcome or is inapplicable, the court must then consider the presumption of placement in community corrections. *State v. Atwell*, 14 Kan. App. 2d 752, Syl., 798 P.2d 517 (1990). K.S.A. 1992 Supp. 21-4606b provides:

"(1) If probation is not granted pursuant to K.S.A. 21-4606a, and amendments thereto, the presumptive sentence for a person convicted of a class D or E felony shall be assignment to a community correctional services program on terms the court determines.

(2) In determining whether to impose the presumptive sentence provided by this section, the court shall consider whether any of the following aggravating circumstances existed:

. . . .

(c) any prior record of the person's having been convicted of a felony or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult."

In addition to these statutory presumptions, the sentencing court must also consider K.S.A. 21-4601 and K.S.A. 21-4606. *State v. Ray*, 15 Kan. App. 2d 1, 2-3, 800 P.2d 148 (1990); *State v. Atwell*, 14 Kan. App. 2d at 753. K.S.A. 21-4601 details the policy of individualizing sentences, and K.S.A. 21-4606 sets forth seven factors which the court should consider when shaping that sentence. *State v. Tittes*, 245 Kan. 708, 712, 784 P.2d 359 (1989); see *State v. McGlothlin*, 242 Kan. 437, 747 P.2d 1335 (1988).

In *State v. Turner*, 251 Kan. 43, 833 P.2d 921 (1992), the Kansas Supreme Court addressed the issue of what the sentencing record must reflect when sentencing presumptions are overcome. Turner was convicted of aggravated assault and was sentenced to 2 to 10 years' imprisonment. His request for probation was denied. Turner appealed this denial, asserting that the sentencing court had failed to consider the statutory presumption of assignment to community corrections. 251 Kan. at 44.

The *Turner* court first addressed the issue of presumptive probation. The court reviewed Kansas precedents and found that a sentencing court must fully consider K.S.A. 21-4601 and K.S.A. 21-4606 and make an express record, first showing that it was conscious of presumptive probation and then stating its findings as to why the presumption was overcome. The court is not required to list or discuss all of the K.S.A. 21-4606 sentencing factors, although such a recitation is preferred. However, the court cannot ignore relevant factors. 251 Kan. at 47.

The *Turner* court then addressed the issue of presumptive assignment to community corrections. The court held that, when rebutting this presumption, the sentencing court must consider the K.S.A. 21-4606 sentencing factors, the need for individualized treatment under K.S.A. 21-4601, and the various aggravating circumstances included in K.S.A. 1992 Supp. 21-4606b. The sentencing court need not address each factor expressly and need not quote the statute, but the record must show that the sentencing court was aware of the statutory presumptions, policies, and sentencing factors. 251 Kan. at 48. A court's failure to make

a detailed statement of these factors does not necessarily consti-
tute an abuse of discretion, and each case is to be considered
separately on its facts. 251 Kan. at 46; *State v. Meyers*, 245 Kan.
471, 479, 781 P.2d 700 (1989).

In the present case, Smith argues that the sentencing court
erred by holding the statutory presumptions inapplicable. Smith
argues that the presumptions do apply but were never considered
by the court.

## Presumptive Probation

When dismissing presumptive probation, the sentencing court
stated that "the record shows that he has been previously ad-
judicated or convicted and, therefore, the Court finds that pre-
sumptive probation in this case does not apply. The Court does
not treat this as a first time felony in that respect." The court's
comments were directed at Smith's various juvenile adjudications.

The presumption in K.S.A. 1992 Supp. 21-4606a does not apply
to a person (1) with a prior felony conviction or (2) who now
stands convicted of a crime or attempt to commit a crime under
article 34, 35, or 36 of chapter 21 or (3) who now stands convicted
of a crime or an attempt to commit a crime in the uniform
controlled substances act or (4) now convicted who is a juvenile
offender in the custody of the department of social and rehabil-
itation services.

When the presumption in K.S.A. 1992 Supp. 21-4606a does
apply, the court may determine that it has been overcome after
considering "any prior record of the person's having been con-
victed or having been adjudicated to have committed, while a
juvenile, an offense which would constitute a felony if committed
by an adult." K.S.A. 1992 Supp. 21-4606a.

The issue in this case is whether the trial court (1) applied the
presumption of probation and determined that it had been over-
come by Smith's juvenile record or (2) determined that the pre-
sumption in K.S.A. 1992 Supp. 21-4606a did not apply. We think
it is clear, based on the court's statement, that it erroneously
concluded the 21-4606a presumption of probation did not apply
in this case. Consequently, the court did not proceed to deter-
mine if the presumption of probation had been overcome by
Smith's juvenile record or after consideration of the other policies

and factors in K.S.A. 21-4601 and K.S.A. 21-4606. See *State v. Tittes*, 245 Kan. at 715.

### Presumptive Community Corrections

After the sentencing court held presumptive probation inapplicable, the court then addressed the community corrections presumption:

"[Prosecutor]: Your Honor, when you indicate that there is no presumptive probation, you also indicate that there is no presumptive community corrections that applies also?

"THE COURT: That's correct.

. . . .

"THE COURT: And for all the reasons I just stated. So the controlling sentence is two to four. We'll stand adjourned."

As with K.S.A. 1992 Supp. 21-4606a, the court's response to counsel clearly shows that the court was erroneously concluding that the presumption of assignment to community corrections under K.S.A. 1992 Supp. 21-4606b did not apply. Consequently, the court did not proceed to determine if the presumption was overcome.

Based on the other statements by the court, it may well be that, on remand, the court will determine that the presumptions under K.S.A. 1992 Supp. 21-4606a and K.S.A. 1992 Supp. 21-4606b have both been overcome. Nevertheless, the court on the record will need to consider Smith's juvenile record and the application of the sentencing policy and criteria set forth in K.S.A. 21-4601 and K.S.A. 21-4606 when it considers whether the presumptions of K.S.A. 1992 Supp. 21-4606a and/or K.S.A. 1992 Supp. 21-4606b have been overcome. See *State v. Turner*, 251 Kan. at 48; *State v. Tittes*, 245 Kan. 708, Syl. ¶ 3.

The sentences are vacated, and the case is remanded to the trial court for resentencing.