No. 59,067

STATE OF KANSAS, *Appellee*, v. JAMES L. JENNINGS, *Appellant*.

(729 P.2d 454)

Opinion filed December 5, 1986.

*Benjamin C. Wood,* chief appellate defender, argued the cause and was on the brief for appellant.

*C. William Ossmann,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action wherein the appellant, James "Pookie" Jennings, pled nolo contendere and was found guilty of one count of second-degree murder. The crime arose out of these facts:

On the evening of June 14, 1985, Jennings and another man, Richard G. Nichols, had an argument in the parking lot of an east Topeka liquor store. Jennings threateningly told Nichols he was going to kill him and left the parking lot, only to return fifteen minutes later with a sawed-off shotgun. Thereafter, upon the exchange of angry words, Jennings shot Nichols in the head. After the shooting, Jennings fled.

Jennings was charged with first-degree murder, but pursuant to the terms of a plea agreement, he pled no contest to second-degree murder on July 12, 1985.

On August 19, 1985, the appellant appeared before the district judge for sentencing. After a hearing, the judge found the mandatory sentencing provisions of K.S.A. 21-4618 applicable, since

a firearm was used in the commission of the crime. The judge imposed a sentence of 15 years to life imprisonment—the maximum permissible under K.S.A. 1985 Supp. 21-4501(b).

On November 18, 1985, the appellant filed a motion to modify his sentence pursuant to K.S.A. 1985 Supp. 21-4603(3). Appellant further moved the court to return him to the Shawnee County jail for the purpose of a sentence modification hearing. In a memorandum decision dated January 7, 1986, this motion was denied.

For his first issue, appellant argues his due process rights were violated when the trial court denied his motion to modify sentence without holding a hearing. The appellant suggests that when a defendant petitions the court to modify his sentence he places his liberty at stake and accordingly, is entitled to notice and an opportunity to be heard.

K.S.A. 1985 Supp. 21-4603(3) authorizes the court to modify a sentence within the statutory limits any time within 120 days after a sentence is imposed; no hearing procedure is discussed. K.S.A. 1985 Supp. 21-4603(4) allows reduction of sentence below the statutory minimum upon the recommendation of the secretary of corrections; this subsection specifically provides for a hearing and notice to interested parties. K.S.A. 22-3504 specifically provides for a hearing and that a defendant be personally present for correction of a sentence. These distinctions are significant. The legislature did not provide for a hearing on sentence modification, 21-4603(3).

K.S.A. 1985 Supp. 22-3405(1) sets out the stages in a felony proceeding where the defendant's presence is required and provides as follows:

"The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, *and at the imposition of sentence,* except as otherwise provided by law." (Emphasis added.)

Unless a motion for modification is considered part of the "imposition of sentence," the appellant had no right to appear in support of his motion. We resolved this issue in *State v. Bryant,* 227 Kan. 385, 607 P.2d 66 (1980), where we held that a defendant's right to be present does not extend to post-conviction motions. In so holding, we reasoned that the trial ends when a verdict has been rendered, any right which the accused may have to be present at proceedings following indictment con-

tinues only during the pendency of the trial, and a defendant, once convicted, cannot expect to be present at post-conviction motions. See also *State v. Myers*, 10 Kan. App. 2d 266, 271, 697 P.2d 879 (1985), where the Court of Appeals noted that a defendant has no right to be present at a ruling on a motion to modify. We agree and hold that a defendant has no right to a hearing on a motion to modify sentence or to be present at consideration of that motion.

This holding is consistent with federal law. Federal Rule of Criminal Procedure 35(b) is nearly identical to K.S.A. 1985 Supp. 21-4603(3). Under that rule, it is discretionary with the trial judge whether to hear testimony or arguments on the motion. 3 Wright, Federal Practice and Procedure: Criminal 2d § 586 p. 405. See also *United States v. Donohoe*, 458 F.2d 237 (10th Cir. 1972), where it was held a defendant has no right to a hearing in open court on a motion to modify sentence and has no constitutional right to be personally present or to be represented by counsel at consideration of motion to modify sentence.

Appellant next alleges the district court's summary dismissal of his motion to modify violated his due process rights. Jennings' arguments on this issue are essentially the same as those made in support of his first issue. Specifically, the appellant argues the trial court's failure to hold a hearing and its summary dismissal of his motion to modify resulted in a denial of his right to appeal. Appellant reasons that without a hearing or memorandum detailing the reasons for denial of his motion, he has no record from which to appeal. This argument is without merit.

When the district court ruled on the motion to modify, it had before it a presentence report, an SRDC report, and the transcript of the sentencing hearing. It is obvious the court based its decision on this information. Further, where there is no right to a hearing in open court and the defendant has no right to be present, it is within the district court's discretion to determine whether a motion to modify sentence should be summarily denied.

As his final point on appeal, the appellant contends the district court abused its discretion in sentencing the appellant to the maximum sentence possible for the crime committed.

The appellant was originally charged with murder in the first degree but, pursuant to a plea bargaining agreement, pled no

contest to murder in the second degree, a class B felony. K.S.A. 1985· Supp. 21-4501 authorizes minimum imprisonment for a class B felony of not less than five years nor more than 15 years and a maximum of not less than 20 years nor more than life. The district court sentenced the appellant to 15 years' to life imprisonment, the maximum provided under the statute.

We have repeatedly held a sentence imposed by a trial court will not be disturbed on the ground it is excessive, provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, or corrupt motive. *State v. Van Cleave,* 239 Kan. 117, 716 P.2d 580 (1986). We reaffirm that principle of law.

The sentence imposed upon the defendant was clearly within the limits prescribed by law; however, the appellant argues the trial court abused its discretion by not considering K.S.A. 21-4601 before imposing sentence upon him. The trial judge made the following comments in sentencing the defendant:

"After reviewing the Affidavit which sets forth the facts in this case together with the presentence report I can find very little redeeming in either. The fact that you were intoxicated is not a defense nor is it an excuse. It doesn't diminish the fact that a person's life has been taken. While it's true that you have no prior criminal record I don't think a minimum sentence is justified in this case. After reviewing the factors set forth in K.S.A. 21-4606 it is the judgment and sentence of the Court that the defendant be remanded to the custody of the Secretary of Corrections for a term of not less than 15 years nor more than life. The Court finds that a firearm was used in the commission of the crime, that the provisions of K.S.A. 21-4618 are applicable. The Court will request an evaluation and report from the State Reception and Diagnostic Center within 120 days."

K.S.A. 21-4601 states the legislative policy to be followed in sentencing the criminal defendant. It provides:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for a least a minimum term within the limits provided by law."

We recently discussed this statute in *State v. Harrold,* 239 Kan. 645, 650, 722 P.2d 563 (1986), and noted that K.S.A. 21-4601 does not enumerate factors to be considered but does express

" 'the current objectives of the correctional process.' " (Quoting from the 1968 Judicial Council report.) As such, it is not necessary for the sentencing judge to expressly consider this statute.

K.S.A. 21-4606, on the other hand, sets forth specific criteria to be considered by the sentencing court in fixing the minimum term of imprisonment. We have held that a trial court's failure to make a detailed statement of the factors considered by the court in imposing sentence does not necessarily, in and of itself, constitute an abuse of discretion. *State v. Harrold*, 239 Kan. at 650. See also *State v. Buckner*, 223 Kan. 138, 151, 574 P.2d 918 (1977).

Here, the sentencing court specifically stated that it had reviewed and considered the factors listed in K.S.A. 21-4606. While it did not set out each of these factors, it did note the severity of the crime, that a firearm was used in the commission of the crime, that the defendant had no prior record, and that intoxication is not a defense to the crime for which the defendant was convicted. The court also stated that it had reviewed the affidavit setting forth the facts in this case and the presentence report. We find there was no abuse of discretion.

The judgment of the trial court is affirmed.