No. 60,094

STATE OF KANSAS, *Appellee,* v. MICHAEL L. MCGLOTHLIN, *Appellant.*

(747 P.2d 1335)

Opinion filed January 15, 1988.

*Steven R. Zinn,* supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *Benjamin C. Wood,* chief appellate defender, of Topeka, and *Nancy Merrill Wilson,* legal intern, Kansas Appellate Practice Clinic, of Lawrence, were with him on the brief for the appellant.

*Mona Furst,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Clarence D. Holeman,* assistant district attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Michael L. McGlothlin pled guilty to charges of attempted possession of cocaine, a Class D felony, K.S.A. 1986 Supp. 21-3301 and K.S.A. 65-4127a, and possession of drug paraphernalia, a Class A misdemeanor, K.S.A. 65-4152. The trial court imposed sentences of two to seven years for the felony and six months for the misdemeanor, to run concurrently. The court also imposed a fine of $2,500 for the felony and $1,250 for the misdemeanor. McGlothlin appealed from the sentences and fines imposed. The Court of Appeals affirmed in an unpublished opinion filed August 20, 1987. We granted review.

Defendant first contends that the trial court abused its discretion in sentencing him to a term of incarceration in excess of the statutory minimum without properly considering his individual

characteristics, circumstances, needs, and potentialities. The least possible sentence for the felony offense is one to five years; the most severe sentence possible is three to ten years. K.S.A. 1986 Supp. 21-4501(d)(2). The misdemeanor is punishable by confinement in the county jail for from one day to one year. K.S.A. 21-4502(1)(a). The sentences imposed by the trial court were halfway between the minimum and the maximum sentences possible. The court stated no reasons for imposing sentences above the minimum.

K.S.A. 1986 Supp. 21-4601 gives guidance to the sentencing courts in construing the sentencing statutes, and K.S.A. 21-4606 sets forth criteria, including some seven factors which, while not controlling, the court should consider in fixing the "lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime."

This court has held that it is the better practice, when the sentence exceeds the minimum, for the trial court, on the record, to make a detailed statement of the facts and factors considered by the court in imposing sentence. However, a trial court's failure to make such a detailed statement does not necessarily demonstrate an abuse of discretion; each case must be considered on its facts. *State v. Bennett*, 240 Kan. 575, 578, 731 Kan. 284 (1987); *State v. Harrold*, 239 Kan. 645, 650, 722 P.2d 563 (1986); *State v. Richard*, 235 Kan. 355, 366, 681 P.2d 612 (1984). Also, it is a familiar rule that a sentence which is within the statutory limits will not be disturbed on appeal provided it is within the realm of discretion on the part of the trial court and not a result of partiality or prejudice. *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987) (citing *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 [1986]). There is no suggestion here of partiality or prejudice.

The record before the trial court at the time of sentencing included the presentence report, a report from the Sedgwick County Community Corrections Department, and reports from counselors. While there were many things in defendant's favor, the reports indicated drug usage and minor offenses over a period of years, lack of motivation to quit drug use, failure to comply with the treatment requirements of his most recent drug

offense probation, and failure to attend probation report meetings. After a thorough review of the record, we find no abuse of discretion in imposing sentence. The sentences could have been much more lenient, or could have been much harsher. We find no reason to disturb the sentences imposed.

We turn to the final issue, whether the trial court erred in imposing both imprisonment and monetary fines. The statutes involved read in applicable part:

K.S.A. 1986 Supp. 21-4503:

"**Fines.** (1) A person who has been convicted of a felony may, in addition to or instead of the imprisonment authorized by law, be sentenced to pay a fine which shall be fixed by the court as follows:

. . . .

"(b) For a class D or E felony, a sum not exceeding $10,000.

. . . .

"(2) A person who has been convicted of a misdemeanor may, in addition to or instead of the confinement authorized by law, be sentenced to pay a fine which shall be fixed by the court as follows:

"(a) For a class A misdemeanor, a sum not exceeding $2,500.

. . . .

"(3) As an alternative to any of the above fines, the fine imposed may be fixed at any greater sum not exceeding double the pecuniary gain derived from the crime by the offender."

K.S.A. 1986 Supp. 21-4603:

"**Authorized dispositions.** . . .

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

"(b) impose the fine applicable to the offense; [or]

. . . .

"(f) impose any appropriate combination of (a), (b), [or other subsections]."

K.S.A. 1986 Supp. 21-4607:

"**Criteria for imposing fines.** . . .

"(2) The court shall not sentence a defendant to pay a fine in addition to a sentence of imprisonment, probation or assignment to a community correctional services program unless:

"(a) The defendant has derived a pecuniary gain from the crime; or

"(b) the court is of the opinion that a fine is adapted to deterrence of the crime involved or to the correction of the offender.

"(3) In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose."

The first two statutes, 21-4503 and 21-4603, authorize the trial judge to impose both a sentence and a fine upon one who has been convicted of either a felony or a misdemeanor. The third statute, 21-4607, however, limits the court's authority to impose a fine in addition to imprisonment. The court cannot automatically impose both imprisonment and a fine; to do so, the court must find that the defendant profited from the crime, or that a fine is adapted to deterrence or to correction. The court must take into consideration the financial resources of the defendant and the nature of the burden that payment of the fine will impose.

The Court of Appeals analogized the duty of the trial court to state its findings under 21-4607(2) with the "better practice" for the sentencing court to state on the record the 21-4606 and other factors which it took into consideration before imposing sentence. The Court of Appeals said:

"The court in *State v. Bennett*, 240 Kan. at 578, held a sentencing court's failure to detail the application of the factors set out in 21-4606 does not, in and of itself, indicate an abuse of discretion at sentencing. Similarly, although it is preferable to have the court's considerations and rationale in imposing both a prison sentence and fine stated on the record, the court's failure to do so does not, in and of itself, demonstrate an abuse of discretion."

We think the court's reliance upon the cases concerning 21-4606 is in error. That statute lists a number of factors which a court should take into consideration in sentencing, but expressly states that those factors are not exclusive. In comparison, 21-4607(2) lists two factors which are exclusive; the sentencing court *must* find one or the other of those factors before imposing a fine upon one who has been sentenced to imprisonment. In the usual sentencing record, many of the 21-4606 factors are ordinarily covered by the trial record, the statements of counsel at time of sentencing, and the presentence report. In regard to the 21-4607 factors, whether defendant has derived a pecuniary gain may be disclosed in the record, but the opinion of the court as to whether a fine is adapted to deterrence of the crime or to the correction of the offender is not reflected unless the court makes a statement on the record disclosing its thoughts on the matter. Also, the defendant's financial resources and the nature of the burden that the payment of a fine will impose are ordinarily not

shown. In the case before us, it is clear that the defendant did not derive a pecuniary gain from the crime. The record is silent as to whether the substantial fines imposed would deter commission of the crime involved or would be adapted to the correction of the defendant. As to defendant's financial resources, the record shows that he was employed for some years at slightly more than minimum wage prior to his conviction. He was represented by the public defender in the trial court, and by a public appellate defender on appeal. Under the circumstances, we hold that the trial court erred in failing to state its findings, as required by K.S.A. 1986 Supp. 21-4607(2), before levying fines in addition to imposing imprisonment on this defendant.

The statute requires and we hold that where the defendant is convicted of a felony or a misdemeanor and is sentenced to imprisonment either in the county jail or in the custody of the secretary of corrections and a fine is to be imposed, the judge must make specific findings pursuant to 21-4607(2) before imposing a fine. The judge must also state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose, as required by 21-4607(3).

For the reasons stated, the fines imposed upon Michael L. McGlothlin are vacated and that portion of the judgment is reversed; otherwise, the judgment of the trial court, including the sentences imposed in this case, is affirmed.