(807 P.2d 171)

No. 64,742

STATE OF KANSAS, *Appellee*, v. MARVIN MCNETT, *Appellant*.

Opinion filed March 8, 1991.

*Lucille Marino*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Libbie A. Moore*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LEWIS, J., and RICHARD B. WALKER, District Judge, assigned.

BRISCOE, C.J.: Defendant Marvin McNett appeals the district court's reimposition of fines upon remand (No. 62,465, unpublished opinion filed July 7, 1989), as well as the court's refusal to modify his sentence to follow SRDC's recommendations.

McNett was convicted of four counts of sale of cocaine (K.S.A. 1989 Supp. 65-4127a), one count of possession of cocaine (K.S.A. 1989 Supp. 65-4127a), one count of possession of marijuana with

intent to sell (K.S.A. 1989 Supp. 65-4127b[b][3]), and possession of drug paraphernalia (K.S.A. 65-4152[a][2]). These crimes were committed in December 1986 and January 1987. He was sentenced to a controlling term of 20 to 40 years' imprisonment and fined a total of $30,000. McNett appealed to this court, arguing the district court abused its discretion in the sentences and fines imposed. This court upheld the sentences imposed, but vacated imposition of the fines and remanded for redetermination of the fines in accordance with K.S.A. 21-4607.

As regards the remand for redetermination of the fines, our opinion stated:

"K.S.A. 21-4607 provides:

'(2) The court shall not sentence a defendant to pay a fine in addition to a sentence of imprisonment . . . unless:

'(a) The defendant has derived a pecuniary gain from the crime; or

'(b) the court is of the opinion that a fine is adapted to deterrence of the crime involved or to the correction of the offender.

'(3) In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.'

The Supreme Court has recently construed this statute as follows:

'The statute requires and we hold that where the defendant is convicted of a felony or a misdemeanor and is sentenced to imprisonment either in the county jail or in the custody of the secretary of corrections and a fine is to be imposed, the judge must make specific findings pursuant to 21-4607(2) before imposing a fine. The judge must also state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose, as required by 21-4607(3).' State v. McGlothlin, 242 Kan. 437, 441, 747 P.2d 1335 (1988).

"In this case, these specific findings were not made. Accordingly, the fines imposed must be vacated and this case is remanded for the redetermination of fines in accordance with K.S.A. 21-4607."

On remand, the district court found McNett profited from the crimes and reimposed the fines of $30,000. McNett also filed a motion to modify sentence with the district court. In response to the motion, the district court modified the sentences to run concurrently rather than consecutively, making the controlling term 10 to 20 years' imprisonment. The court refused to place McNett on probation, although McNett argued probation was recommended in the SRDC report.

McNett contends the district court erred in reimposing fines totalling $30,000 without first making the findings specified in 21-4607. The district court found McNett "dealt in a lot of cocaine or at least a lot of dollar's worth" and noted McNett had no present ability to pay the fine, but found he would eventually be placed on parole and could then work and "pay the fine at that time." McNett claims these findings are insufficient to satisfy the mandatory requirements of 21-4607 and *State v. McGlothlin,* 242 Kan. 437, 441, 747 P.2d 1335 (1988).

As stated in our prior opinion in this case, K.S.A. 21-4607 has been construed to require the district court to make specific findings on the record pursuant to subsections (2) and (3) prior to imposing a fine. *State v. McGlothlin,* 242 Kan. at 441.

As regards 21-4607(2)(a), McNett argues there is no evidence that he derived a pecuniary gain from the crimes. We disagree. At the conclusion of the hearing, the district court stated: "[Y]ou in fact did deal in a lot of dollar's worth of cocaine, tens of thousands of dollar's worth." There is evidence to support this finding. McNett testified he began selling drugs to support his salvage business. He admitted for about six months he met his weekly payroll of $1,500 to $2,000 from drug sales. He admitted receiving somewhere between $39,000 and $52,000 from drug sales. It is irrelevant that he did not keep those funds for himself but instead paid his salvage business employees.

The district court is also required to consider the defendant's financial resources and the burden the fine will impose upon the defendant prior to assessing a fine. K.S.A. 21-4607(3). Here, the court stated: "I understand you don't have the ability to pay that now at a dollar and a half a day or whatever it is you earn at KSIR. However, eventually you will be placed on parole, and you will be able to go to work and then you can pay the fine at that time." McNett argues the statements are insufficient because subsection (3) implies that there be a reasonable correlation between the amount of the fine and the defendant's present ability to pay rather than his future ability to pay. He argues a fine which exceeds a defendant's present ability to pay constitutes an abuse of discretion.

We disagree with McNett's assertion that subsection (3) contemplates only a defendant's present ability to pay. The statute

states: "In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant." Had the legislature intended consideration of only present ability to pay, there would be no provision for determining a "method of payment." That phrase implies the court can consider the defendant's present and future financial resources; otherwise, all fines would be due and payable immediately upon imposition. Federal courts construing similar guidelines have so held. See *U.S. v. Walker*, 900 F.2d 1201, 1206 (8th Cir. 1990); *United States v. Seminole*, 882 F.2d 441, 443 (9th Cir. 1989). Further, K.S.A. 1990 Supp. 21-4603(2) authorizes the court to order the payment of a fine in installments, lending further support to the proposition that the court can consider future ability to pay. A fine which exceeds the defendant's present ability to pay does not constitute an abuse of discretion as long as the fine does not exceed the ability to pay in time.

The district court realized McNett had no assets and no present ability to pay the fine. The evidence supports this conclusion. However, the court went on to find McNett would be able to pay the $30,000 in fines after his release on parole. There is no evidence to support this conclusion.

McNett earns $1.05 per day in prison and, upon his release, wants to reestablish his salvage business. When released, McNett will be a middle-aged exconvict with a GED, who has been self-employed most of his adult life in the salvage business. Undoubtedly, his prospects for employment will be dim as will his prospects for business loans. McNett originally joined his father's salvage business and together they went bankrupt in 1983. McNett reaffirmed the debts of the business and attempted to continue the business on his own, but the business faltered. McNett turned to selling drugs to support the salvage business. The business property has since been foreclosed. The record does not indicate that McNett has any financial resources. The record is devoid of any evidence that McNett will ever be financially able to pay fines in the amount of $30,000.

The test of whether the district court abused its discretion is whether no reasonable person would agree with the district court. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990). Here,

there is no basis for a reasonable person to agree with the district court because there is no evidence to support the decision to impose $30,000 in fines. The district court abused its discretion in assessing fines of $30,000 without first addressing McNett's financial resources and the burden payment of $30,000 in fines would impose, as is required by 21-4607(3). By this conclusion, we are not stating McNett will not have the future ability to pay a fine of some amount. He is an able-bodied man and will be able to obtain some type of employment upon his release. We only question the imposition of fines in the amount of $30,000 based upon the record before us.

McNett also contends the district court erred in not granting his motion for modification of sentence following the SRDC recommendation, as required by K.S.A. 1989 Supp. 21-4603(3)(a). This statute does not apply to McNett's motion to modify sentence. K.S.A. 1989 Supp. 21-4603(3) became effective July 1, 1989, and does not apply to sentences imposed for crimes committed before that date. See *State v. Sutherland*, 248 Kan. 96, 804 P.2d 970 (1991). McNett committed the crimes at issue in 1986 and 1987.

Affirmed in part, vacated in part, and remanded with directions to reassign this case to a different judge for determination in accordance with K.S.A. 21-4607 of whether imposition of a fine is appropriate in this case and, if so, in what amount.