No. 70,433

STATE OF KANSAS, *Appellee*, v. IKE McCLOUD, *Appellant.*

(883 P.2d 775)

Opinion filed October 28, 1994.

*Debra J. Wilson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Terra D. Morehead*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Ike McCloud, was convicted of second-degree murder (K.S.A. 21-3402, a class B felony), unlawful possession of a firearm (K.S.A. 1991 Supp. 21-4204[1][b], a class D felony), and attempted possession of cocaine (K.S.A. 1991 Supp. 21-3301 and K.S.A. 1991 Supp. 65-4127a, a class D felony). He was sentenced to a controlling term of 15 years to life, without probation or assignment to community corrections. His motion for modification was denied. He appeals his sentence, contending the trial court erred (1) by applying the gun statute (K.S.A. 1991 Supp. 21-4618) to his unlawful possession of a firearm charge, (2) by failing to consider him for assignment to community corrections on the class D felonies, and (3) by failing to consider the legislative policy of K.S.A. 21-4601 and statutory factors set forth in K.S.A. 21-4606.

Shortly before 6:00 in the morning of June 29, 1992, Kansas City, Kansas, police officers responded to a 911 emergency call placed by the desk clerk of the Hallmark Inn in Kansas City, reporting a shooting involving one of the occupants of a room at the inn. Upon their arrival, officers heard shots and faced an apparent hostage situation. After nearly two hours of negotiations, the defendant surrendered. In the room with the defendant, the officers discovered the naked, dead body of a woman who had been shot in the head. In addition, police confiscated quantities of cocaine, drug paraphernalia, and a semiautomatic handgun.

The defendant was charged by way of amended information; pursuant to a plea agreement he pled guilty to second-degree murder and unlawful possession of a firearm. He further pled no contest to the charge of attempted possession of cocaine.

Sentencing was deferred pending a presentence investigation. The district attorney requested the court find 21-4618 applicable to the case. The court noted that the statute would only apply as to the charge of second-degree murder. Both counsel agreed.

The court imposed a sentence of 15 years to life for Count I, second-degree murder. As to Counts II and III, the court sentenced the defendant to a minimum term of two years and a maximum term of five years, to be served concurrent with the sentence imposed in Count I. The court noted that these three sentences would run consecutive to the sentence previously imposed for the conviction for which the defendant was on parole when he committed the current offenses. The court received, read, and considered the report from the Topeka Correctional Facility and, following a hearing, denied the defendant's motion for modification.

(1) Application of 21-4618 to the charge of unlawful possession of a firearm.

In his opening remarks to counsel at the start of the sentencing hearing, the court observed: "The court further found on January the 19th that the gun statute applied as to Count I of the Amended Information [second-degree murder]." Also, when the court imposed sentence on the second-degree murder charge, it imposed the provision of 21-4618 inasmuch as a gun was used during the commission of the second-degree murder offense.

The journal entry of judgment applied 21-4618 to the second-degree murder charge *and* the charge of unlawful possession of a firearm.

Both counsel agree, and this court concludes, that imposition of the gun statute on the charge of unlawful possession of a firearm was improper because unlawful possession of a firearm is not an Article 34 crime, or rape, or aggravated sodomy. Application of 21-4618 to this conviction was erroneous. However, where there exists a discrepancy between what the sentencing judge said and what the written judgment reflects, we have held that the oral sentence prevails. *State v. Rice*, 227 Kan. 416, 425, 607 P.2d 489 (1980). In this case, the oral sentence of the court correctly

limited application of the gun statute to the charge of second-degree murder.

In *State v. Edwards*, 252 Kan. 860, 852 P.2d 98 (1993), the identical situation occurred. In *Edwards*, the court had to vacate the defendant's sentence for other reasons, but we acknowledged that, had this not been the case, "[o]rdinarily, this procedure [correction by deleting the same through amendment or a nunc pro tunc order] would adequately correct the error." 252 Kan. at 871. We therefore remand for correction of the written journal entry of judgment by nunc pro tunc order reflecting the oral sentence of the court limiting application of 21-4618 to the second-degree murder conviction.

(2) Consideration of the defendant for assignment to community corrections on the class D felonies.

The defendant relies upon *State v. Turner*, 251 Kan. 43, 833 P.2d 921 (1992), contending that the sentence "must show that the trial court was aware of the presumptive status of community corrections and that it did consider (a) the sentencing factors, (b) individual treatment, and (c) the aggravating circumstances." 251 Kan. 43, Syl.

In *Turner*, the defendant was convicted of aggravated assault (a class D felony) and sentenced to 2 to 10 years' imprisonment. After Turner's request for probation was denied, he appealed claiming the sentencing court had failed to consider the statutory presumption of assignment to community corrections.

Unlike *Turner*, the defendant in this case was convicted not only of class D felonies but was also convicted of a class B felony, second-degree murder. His sentence for the class B felony, 15 years to life, was imposed under 21-4618, which precludes probation or assignment to community corrections. Moreover, the court in this case ordered that the sentences for the defendant's class D felony convictions be served concurrent with the sentence imposed as to the class B felony conviction.

Under these circumstances, neither K.S.A. 1991 Supp. 21-4606a (probation) nor K.S.A. 1991 Supp. 21-4606b (presumptive sentence of assignment to a community correctional services pro-

gram) apply. The two class D felony sentences merged into the class B felony sentence, which was correctly imposed under 21-4618. K.S.A. 1991 Supp. 21-4618(1) provides that "probation, assignment to a community correctional services program or suspension of sentence *shall not* be granted to any defendant who is convicted of . . . any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated . . . and such defendant *shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime.*" (Emphasis added.) *State v. Turner* does not apply under these circumstances.

Moreover, K.S.A. 1991 Supp. 21-4608(6)(a) (now K.S.A. 1993 Supp. 21-4608[f][1]) provides that "[w]hen indeterminate terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum term . . . if the terms are imposed on the same date." All sentences imposed on the defendant were imposed on the same date, and the shorter minimum terms (class D felony sentences) merge into and are satisfied by serving the longest sentence imposed (sentence of 15 years to life for the second-degree murder conviction). Under these circumstances, *State v. Turner* does not apply.

(3) Consideration of the legislative policy of K.S.A. 21-4601 and statutory factors in K.S.A. 21-4606.

The defendant's sentence is within the statutory limits and will not be disturbed on appeal absent a showing that the trial court abused its discretion or that the sentence was the result of partiality, prejudice, oppression, or corrupt motive. *State v. Heywood*, 245 Kan. 615, 617-18, 783 P.2d 890 (1989). The defendant does not contend that the sentence was the result of partiality, prejudice, oppression, or corrupt motive.

The defendant carries the burden of establishing abuse of discretion. *State v. Heywood*, 245 Kan. at 621. Discretion is abused only where no reasonable person would agree with the trial court. *State v. Sanford*, 250 Kan. 592, 604-05, 830 P.2d 14 (1992).

The defendant complains the trial court abused its discretion when it gave him the maximum sentence because it failed to consider the mandates of K.S.A. 21-4601 and K.S.A. 21-4606. Spe-

cifically, the defendant argues that the trial court considered only his record and the extent of harm caused by his acts, but failed to take into account the fact that he acted under the influence of crack cocaine.

Our review demonstrates that the court, on the record, considered the defendant's prior criminal history, the seriousness and nature of the crime, the defendant's parole status at the time he committed the current offense, and the defendant's claim that he was high on cocaine and not aware of his actions. Moreover, the court "ha[d] received the presentence investigation [report] . . . and . . . had an opportunity to read and review the same" before sentence. Extensive treatment of the statutory factors is contained in the report. The comments of the court at sentencing demonstrate that the court had reviewed the report and "[could not] find any mitigating circumstances in this matter as far as the second degree murder."

Our review, contrary to establishing an abuse of discretion, convinces us that the trial court not only considered the 21-4606 factors in imposing sentence but also considered the defendant individually, as required by K.S.A. 21-4601. *State v. Bennett*, 240 Kan. 575, 578, 731 P.2d 284 (1987); accord *State v. Webb*, 242 Kan. 519, Syl. ¶ 2, 748 P.2d 875 (1988). See *State v. Richard*, 252 Kan. 872, 850 P.2d 844 (1993). Accordingly, the defendant's claim of abuse of discretion in sentencing is without merit.

Affirmed and remanded for correction of sentencing journal entry.