(897 P.2d 1053)

No. 71,363

STATE OF KANSAS, *Appellee,* v. SYLVESTER CURRY, *Appellant.*

Opinion filed June 23, 1995.

*B. Kay Huff,* special appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Debra S. Peterson,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before RULON, P.J., LARSON, J., and JANICE D. RUSSELL, District Judge, assigned.

LARSON, J.: Sylvester Curry challenges the May 28, 1987, sentence imposed by the trial court after his April 15, 1987, guilty pleas to four counts of attempted rape and one count of burglary.

As a result of the plea, several charges were dismissed, and the State agreed not to seek habitual criminal penalties. In the plea agreement, the State agreed to recommend sentences of 3 to 10 years in prison for each rape count and 2 to 10 years for the burglary count. The State was to recommend the sentences run consecutively.

The State recommended the agreed sentences in the plea agreement with a controlling sentence of 14 to 40 years. Curry asked the trial court to run three attempted rape counts concurrent with each other and consecutive to the other attempted rape and burglary charges, for a minimum sentence of eight years. Curry argued that such a sentence was warranted because he already had to serve three years for a parole violation and would be imprisoned for a minimum of 11 years.

The trial court sentenced Curry to 3 to 10 years on each attempted rape count, with the sentences to be served consecutively, but failed to impose any sentence on the burglary count.

The trial court's journal entry ordered the sentences actually imposed, along with a 2- to- 10-year sentence on the burglary count. Curry's motion to modify his sentence was denied without a hearing. Neither the sentence nor the denial of modification were timely appealed. Curry is entitled to appeal out of time in this case after K.S.A. 60-1507 proceedings. See *State v. Medina*, 256 Kan. 695, 887 P.2d 105 (1994); *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

Although the trial court purported to sentence Curry on the burglary count, the sentence as stated by the journal entry has no effect. "Where there exists a discrepancy between what the sentencing judge said and what the written judgment reflects, the oral sentence prevails." *State v. McCloud*, 256 Kan. 178, Syl. ¶ 2, 883 P.2d 775 (1994). The trial court is directed on remand to properly impose sentence on the burglary count. See *State v. Osbey*, 238 Kan. 280, Syl. ¶ 5, 710 P.2d 676 (1985).

Curry contends this court should remand the case for resentencing on the other counts as well because the trial court failed to consider the sentencing factors specified in K.S.A. 21-4606.

K.S.A. 21-4606 provides:

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that the defendant's criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of the defendant's criminal conduct for the damage or injury that the victim sustained."

Of the sentencing statutes, the Supreme Court has said:

"K.S.A. 1986 Supp. 21-4601 gives guidance to the sentencing courts in construing the sentencing statutes, and K.S.A. 21-4606 sets forth criteria, including some seven factors which, while not controlling, the court should consider in fixing the 'lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.'

"This court has held that it is the better practice, when the sentence exceeds the minimum, for the trial court, on the record, to make a detailed statement of the facts and factors considered by the court in imposing sentence. However, a trial court's failure to make such a detailed statement does not necessarily demonstrate an abuse of discretion; each case must be considered on its facts. [Citations omitted.]" *State v. McGlothlin*, 242 Kan. 437, 438, 747 P.2d 1335 (1988).

See *State v. Davis*, 256 Kan. 1, Syl. ¶ 12, 883 P.2d 735 (1994).

The State argues Curry waived his objection to the trial court's failure to address the sentencing factors of K.S.A. 21-4606 because the issue was not included in his motion to modify. See *State v. Castoreno*, 255 Kan. 401, Syl. ¶ 5, 874 P.2d 1173 (1994). Contrary to the State's argument, the waiver rule of *Castoreno* applies where there is an actual hearing on the motion to modify. There was no actual hearing in this case.

In many cases in which the trial court imposes the sentence requested after a plea bargain, the defendant waives any consideration of the K.S.A. 21-4601 and K.S.A. 21-4606 sentencing factors:

"Where (1) a plea bargain is knowingly and voluntarily entered into which contains specific sentence recommendations; (2) the defendant urges the district court to impose the recommended sentences; and (3) the district court then imposes the recommended sentences, the defendant shall be deemed to have waived any consideration or application by the district court of the sentencing factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606." *State v. Crawford*, 250 Kan. 174, Syl., 824 P.2d 951 (1992).

This case is distinguishable from *Crawford* because here, Curry did not request that the trial court follow the plea agreement, but rather argued for a lesser sentence. The trial court did not impose the recommended sentence. The State recommended a minimum sentence of 14 years on all counts. The trial court imposed a controlling sentence of a minimum of 12 years without imposing sen-

tence at all on one of the counts. Thus, neither the second nor the third element for applying the *Crawford* waiver rule is present.

The transcript of the sentencing proceeding contains no mention by the trial court of any individual factors in Curry's case. The trial court merely announces it will follow the plea agreement and then imposes sentence.

The appellate court will not disturb the sentence imposed by a trial court absent an abuse of discretion. *State v. Webb*, 242 Kan. 519, 530, 748 P.2d 875 (1988); *State v. Jennings*, 240 Kan. 377, 380, 729 P.2d 454 (1986). Under the appropriate standard of review, the issue is not whether the court lists each of the factors in K.S.A. 21-4606, but whether the trial court abused its discretion. The trial court will not be found to have abused its discretion where it is in substantial compliance with the sentencing statute, *State v. Richard*, 252 Kan. 872, 881, 850 P.2d 844 (1993), or if the sentence is within the realm of the trial court's discretion and not a result of partiality or prejudice, *State v. McGlothlin*, 242 Kan. at 438.

Our courts have had several occasions to consider whether a trial court has abused its discretion by not specifically mentioning each of the factors in K.S.A. 21-4606. The Supreme Court has permitted a trial court to state no reasons at all for imposing a sentence above the minimum where the record before the trial court at sentencing contained a presentence investigation (PSI) report, a community corrections center report, and a report from counselors, and the record did not disclose an abuse of discretion. *McGlothlin*, 242 Kan. at 438-39. Where a court did not specify reasons for its sentence above the minimum, but stated it was incorporating the PSI report in the record, there was no error since the PSI report addressed the seven factors in K.S.A. 21-4606. *Webb*, 242 Kan. at 531. In another case, there was no abuse of discretion where

"the sentencing court specifically stated that it had reviewed and considered the factors listed in K.S.A. 21-4606. While it did not set out each of these factors, it did note the severity of the crime, that a firearm was used in the commission of the crime, that the defendant had no prior record, and that intoxication is not a defense to the crime for which the defendant was convicted. The court also stated that it had reviewed the affidavit setting forth the facts in this case and the presentence report." *State v. Jennings*, 240 Kan. at 381.

In *Webb*, the Supreme Court summarized the *Jennings* decision: "[W]e did not find an abuse of discretion where the sentencing judge did not list all the statutory factors but specifically stated he had considered them." 242 Kan. at 531.

In another case, the Court of Appeals found the trial court did not abuse its discretion even though it referred neither to the statutory factors nor the PSI report. It was sufficient that the trial court stated that it had been advised of the PSI report, the record showed no facts relevant to some of the statutory factors, and the court obtained information relevant to other factors through the plea hearing and the parties' arguments. *State v. Grimsley*, 15 Kan. App. 2d 441, 446, 808 P.2d 1387 (1991). In *State v. Sidel*, 16 Kan. App. 2d 686, 694, 827 P.2d 1215, *rev. denied* 250 Kan. 807 (1992), the trial court did not abuse its discretion by making no record of considering the statutory factors when most were inapplicable to the crime at issue and the relevant factor, the criminal history of the defendant, was considered.

However, in another case cited by Curry, the trial court was found to have abused its discretion where the record clearly showed that:

"the sentencing judge neither took into consideration the individual characteristics, circumstances, needs, and potentialities as they applied to the appellant, nor the criteria set forth in K.S.A. 21-4606. . . .

"We have carefully reviewed the record and conclude that the trial court's total failure to consider the mandates of K.S.A. 21-4606 constituted an abuse of discretion, which requires that the sentence be set aside and the defendant be resentenced in accordance with the proper statutory procedure." *Richard*, 252 Kan. at 881-82.

Curry relies on *Richard* to establish his right to be resentenced. In *Richard*, it is clear that the sentencing court failed to state the reason for imposing sentences above the minimum. However, in *Richard*, the record revealed that several of the statutory factors, if they had been considered, would be relevant to a determination of the proper minimum sentence. *Richard*, 252 Kan. at 879. This is consistent with other cases in which the Supreme Court has found an abuse of discretion where the trial court failed to discuss the sentencing factors. *State v. Reeves*, 232 Kan. 143, 652 P.2d 713

(1982); *State v. Goering*, 225 Kan. 755, 594 P.2d 194 (1979); *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977).

In this case, Curry cites no specific aspect of any of the seven factors which might have caused the trial court to impose a lesser minimum sentence. The only reason Curry gave for requesting a sentence less than that the State requested was that he would already be serving three years for a parole violation. There is nothing in the PSI or Topeka Correctional Facility report, which were before the sentencing judge, to indicate that the trial court abused its discretion. This case is more similar to *State v. McGlothlin*, 242 Kan. 437, where there was no abuse of discretion, even though the court stated no reasons for its sentence, than to *Richard*. We also find *State v. Harrold*, 239 Kan. 645, 651, 722 P.2d 563 (1986), to be helpful. In *Harrold*, the Supreme Court found no abuse of discretion where the trial court cited no reasons for the sentence because the relevant information was available to the trial court and the record revealed the K.S.A. 21-4606 factors "obviously have little application in this case."

While the Supreme Court has stated it is the better practice for a trial court to specifically recite its analysis of the K.S.A. 21-4606 sentencing factors, the trial court will not be deemed to have abused its discretion unless it affirmatively appears from the record that the trial court failed to consider sentencing factors which would have been likely to make an actual difference in the minimum term of the sentence imposed. There is no reason to disturb the sentences actually imposed.

The trial court is affirmed. The case is remanded for sentencing on the burglary charge.