NOT DESIGNATED FOR PUBLICATION

No. 112,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JESSE L. DOBBS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 6, 2015. Vacated in part and remanded with directions.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: Jesse L. Dobbs was convicted on his plea to one count of burglary, two counts of misdemeanor theft, and one count of misdemeanor criminal damage to property. The district court imposed fines in addition to the underlying sentences and terms of probation. On appeal, Dobbs argues that the district court erred when it failed to make the findings required under K.S.A. 2014 Supp. 21-6612(b) and (d) before imposing the fines.

1

We agree, vacate that portion of Dobbs' sentence imposing fines, and remand the issue to the district court for reconsideration.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Dobbs was convicted of one count of burglary, a level 7 nonperson felony; two counts of theft, each a class A misdemeanor; and one count of criminal damage to property, a class B misdemeanor. The district court sentenced him to a controlling term of 14 months' imprisonment plus 12 months' postrelease supervision on the felony burglary conviction. The court also imposed sentences of 12 months' imprisonment on each theft conviction and 6 months' imprisonment on the criminal damage to property conviction, all to run concurrent with the felony sentence.

The district court placed Dobbs on probation for 24 months and ordered him to pay $139 in restitution and $100 administrative fee for appointment of counsel but waived any further reimbursement for the services of appointed counsel. The district court, however, imposed a fine of $200 for the felony count and $100 for each misdemeanor—a total of $500. The terms of probation allowed Dobbs to perform community service for credit toward his fines at a rate of $5 per hour.

The district court offered no explanation for the imposition of fines. When defense counsel questioned whether the court intended to make findings regarding the fines, the court responded by simply reiterating the amounts of the fines imposed and adjourned the sentencing hearing.

Dobbs timely appealed the imposition of the fines.

*The district court failed to make the findings required by K.S.A. 2014 Supp. 21-6612(b) and (d).*

Dobbs' only argument on appeal is that the district court erred by failing to make the required findings under K.S.A. 2014 Supp. 21-6612(b) and (d) in support of the imposition of fines. The issue raised requires this court to determine whether the district court complied with the requirements of the statute, and is subject to unlimited review. *State v. Vrabel,* 301 Kan. 797, 802, 347 P.3d 201 (2015).

K.S.A. 2014 Supp. 21-6612(b) states:

> "The court shall not sentence a defendant to pay a fine in addition to a sentence of imprisonment, probation, or assignment to a community correctional services program unless: (1) The defendant has derived a pecuniary gain from the crime; or (2) the court finds that a fine is adapted to deterrence of the crime involved or to the correction of the offender."

K.S.A. 2014 Supp. 21-6612(d) provides: "If a fine is ordered pursuant to subsection (b), the court's findings regarding the requirements of subsections (b) . . . shall be stated on the record."

The Kansas Supreme Court has previously addressed this issue, albeit in the context of the virtually identical predecessor statute, K.S.A. 21-4607(2), in *State v. McGothlin,* 242 Kan. 437, 747 P.2d 1335 (1988). The court held that the district court must make a specific finding that the defendant derived a pecuniary gain from the crime or that a fine is adapted to deterrence of the crime committed or to the correction of the offender, before imposing a fine in addition to a sentence of imprisonment, probation, or assignment to community corrections. 242 Kan. at 441.

3

K.S.A. 2014 Supp. 21-6612(d) codifies the requirement of *McGothlin* by requiring the district court to state its findings on the record of the sentencing hearing.

Our review of the sentencing transcript clearly indicates that the district court failed to make any of the required statutory findings on the record. Even in response to the inquiry by defense counsel regarding findings as to the fines, the district court merely reiterated the amounts of the fines and again failed to address the purpose of the fines in the context of K.S.A. 2014 Supp. 21-6612(b).

The State suggests that the district court made sufficient inquiry and consideration regarding Dobbs' financial resources in support of the fine. This argument wholly missed the point. It is correct to note that pursuant to K.S.A. 2014 Supp. 21-6612(c), the district court must consider the defendant's financial resources and the burden fines would impose when determining the amount and method of payment. Such inquiry does not, however, cure the failure to first make the findings required by K.S.A. 2014 Supp. 21-6612(b) as a prerequisite to consideration of whether fines should even be imposed.

Since the fines imposed upon Dobbs are without any expressed statutory purpose, that portion of the sentencing order must be, and hereby is, vacated and set aside. The case is remanded to the district court for reconsideration on the record of what fines, if any, are to be imposed under K.S.A. 2014 Supp. 21-6612(b).

Fines vacated and case remanded with directions.